206 So.2d 886

**John A. LOVELADY**

v.

**Addie G. LOVELADY.**

**6 Div. 465.**

Supreme Court of Alabama.

Feb. 8, 1968.

Roy D. McCord and J. A. Hornsby, Gadsden, for appellant.

Thompson & Hartwig, Cullman, for appellee.

MERRILL, Justice.

Petitioner, having been found guilty of both civil and criminal contempt, has sought to have the judgment of the circuit court reviewed by writ of certiorari. We granted the writ.

John A. Lovelady, petitioner, and Addie G. Lovelady, his wife, were divorced on August 25, 1966. By the divorce decree, the four children of the parties were placed in the custody of the wife and petitioner was ordered to pay the sum of $150.00 per month for the support of the four children. Liberal visitation rights were allowed the petitioner.

On March 16, 1967, the wife sought to have petitioner cited for contempt and he soon thereafter filed a cross-petition, asking for custody of the minor children. It is not necessary for us to set out any of the evidence, but we will state that the conduct of both parties, particularly the petitioner's, was ludicrous and childish in some respects, and there is no question but that petitioner was interfering with the personal life of his divorced wife.

The trial court found the petitioner guilty of civil contempt and sentenced him to the Cullman County Jail for a period of sixty days, with the condition that he could purge himself of civil contempt by paying to the register the sum of $82.00 plus the cost of the case. The $82.00 was the sum which the trial court determined to be due the wife. The petitioner paid the $82.00 and the costs.

The trial court also found the petitioner guilty of criminal contempt for having violated the divorce decree of that court and sentenced him to five days in the Cullman County jail and assessed a fine of $50.00. However, the trial court suspended this sentence and fine for a period of six months. The trial court reserved the right to revoke the suspended sentence or to extend the same for an additional period of time.

The trial court further decreed that petitioner was not in any way to interfere with the personal life of the wife, nor to go for any purpose on the premises occupied by her, but allowed the children to visit the petitioner at his home, only one hundred yards from the home of the wife, at reasonable hours. The trial court then stated in its decree that "If the Respondent violates the order*ed* (sic) of the Court, the Court reserves the right to enforce the sentence herein imposed on being satisfied that the order has been violated *without Court hearing*." (Emphasis supplied).

Petitioner appealed and the wife filed a motion to dismiss the appeal. Petitioner then filed his petition for writ of certiorari. This petition was granted prior to submission.

Contempt proceedings like those in the instant case are not reviewable by appeal. The proper method is by certiorari if the party is not in prison, or by habeas corpus if the party is in prison. Local No. 612, International Brotherhood of Teamsters v. Bowman Transportation, Inc., 276 Ala. 563, 165 So.2d 113; Wetzel v. Bessemer Bar Association, 242 Ala. 164, 5 So.2d 722.

This has been the law in this state for many years prior to 1965. The Legislature provided for review by appeal to this court from judgments of contempt when the person to be punished for contempt was an "attorney or officer." Act No. 859; Acts of Alabama 1965, listed in the Recompiled

Code as Tit. 13, § 9(½). The act is not applicable to the case at bar.

] Petitioner has various assignments of error which state, in substance, that the final decree in favor of the wife is against the weight of the evidence. Questions of fact or the weight or sufficiency of the evidence will not be reviewed on certiorari, and if there is any legal evidence to support the decision of the lower tribunal, such is conclusive on the reviewing court. Yeilding v. Stevens, 265 Ala. 562, 92 So.2d 895; Alabama Electric Cooperative v. Alabama Power Co., 278 Ala. 123, 176 So.2d 483. There was legal evidence to support petitioner's conviction of civil contempt and we affirm that part of the decree.

Likewise, we affirm that part of the decree sentencing petitioner to five days in jail and a $50.00 fine for violating a former order of the court and the suspension of the sentence for six months.

] But we cannot agree with that part of the decree, which after ordering the petitioner not to interfere with the personal life of his former wife and not to go on her premises for any purpose (these were proper under the evidence), the court further stated that if the petitioner violates the orders of the court, "the Court reserves the right to enforce the sentence herein imposed on being satisfied that the order has been violated *without Court hearing*." (Emphasis supplied).

We are not to be understood as holding that the court could not order petitioner rearrested upon information but we do not think the suspension of the sentence should be finally revoked without a hearing. Where the parties to a divorce, as in the instant case, are prone to make groundless charges against one another, the need for a hearing to determine whether the orders of the court have been violated can be readily seen.

 A hearing ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue, in person or by counsel, as to the inferences flowing from the evidence. Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875.

The last three words of that portion of the order quoted supra, "without Court hearing" will be stricken from the order and that part of the decree is reversed. The cause is remanded for the purpose of placing the order in conformity with this opinion.

Affirmed in part, reversed in part and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.