261 So.2d 750

Beverly KNIGHT

v.

STATE of Alabama ex rel. Charles R. BUTLER, Jr., as District Attorney for the Thirteenth Judicial Circuit of Alabama.

1 Div. 707.

Supreme Court of Alabama.

April 27, 1972.

W. Borden Strickland, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The Circuit Court of Mobile County, in Equity, on May 12, 1969, rendered a decree which "permanently enjoined and restrained" Beverly Knight and others, including Becky Knight, "from operating the premises . . . known as 'Shady Bank Motel' as a nuisance." That decree was amended on June 10, 1969, in a respect not applicable to Beverly Knight.

On April 5, 1971, the State of Alabama instituted contempt proceedings against Beverly Knight alone wherein it was prayed in effect that she be required to show cause why she should not be held in contempt because of violations of the decree of May 12, 1969.

On April 16, 1971, it was decreed that Beverly Knight was "in contempt of the orders of this Court." She was fined $200 and sentenced to confinement in the county jail for a period of ten days. The jail sentence was suspended.

On June 2, 1971, Becky Knight filed a motion to dissolve "the injunction decreed by this Honorable Court on the 12th day of May, 1969." The motion to dissolve was denied on July 9, 1971.

Thereafter, on September 7, 1971, Beverly Knight filed security for costs of appeal "from the decree of the Circuit Court of Mobile County, Alabama rendered on, to-wit, April 16, 1971 and the Order Denying Motion to Dissolve Injunction rendered on, to-wit, July 9, 1971."

The appellant, Beverly Knight, has placed in the transcript of the record three assignments of error, which read:

"ONE

"The Court erred in its Judgment or Decree rendered herein dated April 16, 1971, by holding the Respondent in contempt of Court for violation of orders of the Court.

"TWO

"The Court erred in its Judgment or Decree rendered herein dated July 9, 1971, by denying Respondent Becky Knight's Motion To Dissolve Injunction against her.

"THREE

"The Court erred in its Judgment or Decree rendered herein dated July 9, 1971, denying the motion of Respondent Becky Knight to dissolve injunction issued by the Court on May 12, 1969, on the grounds that said Respondent had not been brought before the Court for more than six months from the date of said injunction."

 The review of an order made in a proceeding for contempt of court is by way of an appropriate extraordinary writ and not by appeal.—Lovelady v. Lovelady, 281 Ala. 642, 206 So.2d 886; Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308; Worley v. Worley, 267 Ala. 71, 100 So.2d 18; Jones v. Jones, 249 Ala. 374, 31 So.2d 81; Wetzel v. Bessemer Bar Ass'n, 242 Ala. 164, 5 So.2d 722. Consequently, Assignment of Error One is without merit. In fact, the appeal from the decree of April 16, 1971, must be dismissed.—Worley v. Worley, *supra*.

Assignments of Error Two and Three are also inefficacious.

 Those assignments relate to the decree of July 9, 1971, which denied Becky Knight's, not Beverly Knight's, motion to dissolve. Becky Knight has not appealed and Beverly Knight cannot appeal from the decree denying Becky Knight's motion to dissolve, nor can she assign as error on her appeal from the decree of April 16, 1971, the action of the trial court in denying Becky Knight's motion to dissolve.

There are other reasons why Assignments of Error Two and Three are without merit.

**430**

The appeal was not taken until September 7, 1971, and, hence, was taken too late in that more than thirty days had elapsed from the rendition of the decree denying the motion to dissolve.—Francis v. Scott, 260 Ala. 590, 72 So.2d 93; State v. Seminole Bottling Co., 235 Ala. 217, 178 So. 237; Trump v. McDonnell, 112 Ala. 256, 20 So. 524; § 757, Title 7, Code 1940.

We are not aware of any statute or decision of this or any other court which authorizes the dissolution of a permanent injunction of the kind rendered on May 12, 1969.

The grounds of the motion to dissolve mentioned in brief of appellant are to the effect that the decree of May 12, 1969, was subject to dissolution because of the provisions of Equity Rule 99, which reads:

"When a plaintiff, who has obtained a preliminary injunction, has not brought the defendant into court by some method provided by these rules within six months after the filing of the bill or other pleading on which the injunction was obtained, the injunction shall be dissolved by any judge having jurisdiction on his attention being called to the failure, whether the court is in session or not."

Equity Rule 99 shows on its face that it relates to preliminary injunctions. It has no application to a permanent injunction such as was granted in the decree of May 12, 1969.

We have deemed it not inappropriate to make the foregoing observations pointing out the inefficacy of Assignments of Error Two and Three, although the appeal from the decree of July 9, 1971, must be dismissed for the reason that it did not support an appeal by Beverly Knight and was taken too late.

Appeals dismissed.

HEFLIN, C. J., and MERRILL, HARWOOD, and MADDOX, JJ., concur.