BLOOD WORTH, Justice.
Defendant, B. J. Oyler, appeals from a judgment for plaintiffs, Porter and Ellen Gilliland, enjoining him from interfering with the use of a road and ordering him to remove all obstructions he had placed therein. We affirm in part and reverse in part and remand with directions.
The road in question has been in existence on defendant’s property for more than fifty years. During this period, plaintiffs and their “predecessors in interest” have used this road to get to their landlocked farm. In 1966, plaintiffs purchased property contiguous to the landlocked tract. The road in question also goes to this recently purchased property. In either 1974 or 1975, defendant placed obstructions in the road, and plaintiffs brought suit to enjoin any interference with the road and to force defendant to remove the obstacles.
After a hearing, ore tenus, the court ruled inter alia: that the road had been used as a “public road part of the time”; that the road in question was the only reasonable way to get to the plaintiff’s property; and, that, it having been used for more than twenty years, it was a “perpetual easement” running with the land.
On this appeal, defendant contends the road is not a “public road,” since it has not been shown that the road was used thusly for twenty years continuously without his permission.
Defendant also maintains that the plaintiffs failed to show that the use of the road was not permissive, and that the trial court’s finding that the road is a “public road part of the time” is a contradiction in terms. Defendant further contends the road was originally an easement of necessity, since it was the only way plaintiffs could reach their property. However, when plaintiffs purchased the contiguous property in 1966, defendant argues that the road ceased being an easement of necessity. Since an easement by prescription only arises after twenty years, he contends that plaintiffs have no such easement because the twenty-year period required to establish an easement by prescription does not begin to run until the easement of necessity terminates.
On the other hand, plaintiffs contend that they have a prescriptive easement. Plaintiffs also contend this is the only practical way of ingress and egress. Finally, plaintiffs contend that the presumption on appeal is in favor of the trial court’s findings because much of the evidence was in dispute.
It is well settled that a distinction exists between “easements of necessity” and “prescriptive easements.” 28 C.J.S. Easements § 18k, p. 674.
“A way of necessity is just what it purports to be, a way arising by implication of law out of the necessities of the case and which, being based upon necessity, ceases to exist when the necessity for it ceases. It is not a way based upon continuous adverse user. The existence of a right of way by necessity is based upon principles of law which negative the existence of a way by continuous adverse user or the existence of a permanent established way. The acquisition of a way by adverse user is based upon the theory of the hostility of the use to the title of *888 the person over whose lands it is acquired. It recognizes that the owner could have put a stop to its acquisition at any time before it was acquired, but by his laches and acquiescence has slept upon his rights for such a period he may not institute suit by reason of the statute of limitations, a doctrine which has become incorporated in the jurisprudence of this state as a rule of substantive law; while a way of necessity is based upon an implication of an intended grant, and the use of it is based entirely upon such implication or consent to its use. The basis of a way by prescription is adverse possession and use and the basis of a way by necessity is the implication of permissive use.’’ [Emphasis supplied.]
Waubun Beach Ass’n. v. Wilson, 274 Mich. 598, 265 N.W. 474, 478 (1936).
Both sides have stipulated that, prior to 1966, this road was an “easement of necessity.” Thus, the question becomes, was this easement of necessity terminated in 1966 when plaintiffs bought the adjoining property.
Although the parties stipulated this was an easement by necessity until 1966, the evidence is in dispute as to the feasibility, practicality, and indispensability of reaching plaintiffs’ property by way of another route since 1966. The trial judge ruled in favor of the plaintiffs on this issue. This, then, was a question of fact which we cannot disturb unless it is plainly erroneous or manifestly unjust. State v. Reynolds Metals Company, 280 Ala. 561, 196 So.2d 408 (1967). Here, we think there was sufficient evidence to support the finding.
“While ordinarily a right of way of necessity continues until some other lawful way has been acquired, and cannot be extinguished so long as the necessity continues to exist, nevertheless, a way of necessity ceases as soon as the necessity to use it ceases.” 28 C.J.S. Easements § 54b, p. 718. (Citations omitted.)
It is not entirely clear what the trial judge meant when he found that the road “has been used as a public road part of the time.” However, it does not appear to us, upon a reading of the whole “Final Judgment,” and an examination of the evidence, that the trial judge found the road to be both a “public road” and an “easement of necessity.” We have already stated that upon an examination of the evidence, we find sufficient evidence to clearly support that aspect of the judgment finding the road to be an “easement of necessity.” It is that part of the judgment which we affirm. However, the trial court was in error in his application of the law to the facts in finding the easement to be perpetual and in perpetually enjoining defendant from obstructing it. This, for the reason that such easement may be extinguished as provided by law.
This case is affirmed in part, reversed in part, and remanded for entry of a judgment in conformity herewith.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.