FAULKNER, Justice.
This appeal and petition for writ of cer-tiorari arise out of a labor dispute between Jim Walter Resources, Inc. (Company) and Steelworkers Local 12014. The Circuit Court of Jefferson County issued a preliminary injunction, inter alia, limiting the number of pickets at the Company’s main entrance to four. In the wake of alleged violence by the picketers, blocking all traffic at the main entrance, the court issued an order on September 2, 1977, requiring:
“THREE: That in the event any such person or persons fails to disperse and leave the premises or the vicinity thereof, the Sheriff is directed to take such person into custody and identify them as to their name and residence address for the purpose of further proceedings against such person or persons.
“FOUR: In the event any such person or persons taken into custody shall refuse to identify themselves or disperse from the premises, the Sheriff is ordered and directed to take such person or persons into custody for violation of this Court’s Order and hold such person for appearance before the Court on the 7th day of September, 1977 at 1:30 P.M. in Courtroom 411, Birmingham, Alabama. Such person taken into custody shall be released upon them making good and valid bond in the amount of $300 conditioned upon such person’s appearance before the Court on the 7th day of September, 1977 at 1:30 P.M.”
On September 4 the petitioners failed to disperse after having had the order read to them. They were taken into custody pursuant to the September 2nd order and released on bond. On September 7, in open court, the petitioners were served with an order to show cause.
On September 8 the court amended the order of September 2, providing:
“THREE: That in the event any such person or persons fail to disperse and leave the premises or the vicinity thereof, the Sheriff is directed to take such person into temporary custody for the limited purpose of identifying them as to their name and residence address for the purpose of further proceedings against such person or persons.
“FOUR: The Sheriff is further directed to report to the Court in writing within twenty-four (24) hours the name and residence addresses of any such person or persons.”
So far as this appeal is concerned, no arrests were made under this amended order.
*642 On September 9 petitioners were tried upon a stipulated record and convicted of criminal contempt. They were each fined $50, and the fines were stayed pending appeal. We granted writ of certiorari to review the order of contempt entered by the Circuit Court of Jefferson County in proceedings arising out of a civil matter, to determine whether service of a rule nisi in open court deprives one of due process, and whether the trial court’s order dated September 8 violates due process.
We affirm in part, reverse in part, and remand.
APPELLATE JURISDICTION
The respondent Company filed a motion to dismiss the petition for writ of certiorari on the grounds that jurisdiction lies in the Court of Criminal Appeals. There seems to be little, if any doubt that the petitioners were convicted of criminal, as opposed to civil, contempt.[1] See Ex Parte Moody, 351 So.2d 538 (1977). Nor is there any question that certiorari is the proper method of review where, as here, petitioners are not confined in prison. Knight v. State, 288 Ala. 428, 261 So.2d 750 (1972); Lovelady v. Lovelady, 281 Ala. 642, 206 So.2d 886 (1968); Local 612, International Brotherhood of Teamsters v. Bowman Transportation, Inc., 276 Ala. 563, 165 So.2d 113 (1964).
Rather, the question presented by the motion to dismiss is where the contempt proceedings are to be reviewed. The Company contends that the original appellate jurisdiction of a criminal contempt conviction lies in the Court of Criminal Appeals, regardless of the nature of the underlying matter. Indeed, this was the holding of Musgrove v. United States Pipe & Foundry Co., 290 Ala. 156, 274 So.2d 640 (1972), where the court considered the language of Title 13, § 111(4), et seq., Code of Alabama of 1940 (1973 Supp.). Adopting the interpretation of Robertson v. State, 20 Ala.App. 514, 104 So. 561 (1924), recently overruled in Ex Parte Tetter, 6 Div. 694, Dec. 20, 1977, - So.2d - (Ala.Crim.App.), the court quoted:
“While the statute investing this court with original jurisdiction in habeas corpus is not as clear as it might have been, we are of the opinion that a careful reading of it does not disclose a legislative intent to circumscribe the jurisdiction there conferred. The statute reads that ‘this court shall have authority to issue writs of ha-beas corpus.’ We do not consider that authority to be limited to such cases ‘as are necessary to give this court general superintendence and control of jurisdiction inferior to it, and in matters over which it has final appellate jurisdiction.’ ”
In this case, however, we are dealing with a review by certiorari. The present version of the statute interpreted in Mus-grove, § 12-3-11, Code of Alabama 1975, states that “Each court [of appeals] shall have authority to grant injunctions and issue writs of habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction Accord, § 12-3-8, Code of 1975. The phrase “as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction” is a limitation upon the Court of Criminal Appeals’ statutory power to issue other remedial and original writs.
Even more compelling is the narrower language of § 6.03 of the Judicial Article:
“(c) The court of criminal 'appeals and the court of civil appeals shall have no original jurisdiction except the power to issue all writs necessary or appropriate in aid of appellate jurisdiction of the courts of appeals.
“(d) . . . Said court [of criminal appeals] shall have authority to issue writs of injunction, habeas corpus and *643 such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction . . . ” (Emphasis added.)
From the above-quoted language of statutory and constitutional provisions,' clearly the crucial test is whether criminal contempt arising out of civil matters is within the exclusive appellate jurisdiction of the Court of Criminal Appeals.
We hold that because the Court of Criminal Appeals has no appellate jurisdiction over civil matters, it, likewise, has no jurisdiction over contempt proceedings arising out of civil matters. Section 12-3-9, Code of 1975, defines the exclusive appellate jurisdiction of that court:
“The court of criminal appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases.”
Since misdemeanors are defined as all non-felonious public offenses, § 1-1-7, Code of 1975, and contempt is not a public offense (see § 1-1-5, Code of 1975) (Electrical Workers Local 136 v. Davis Constructors & Engineers, Inc., 334 So.2d 892, Ala.1976; Ex Parte Moody), contempt is not a misdemeanor over which the Court of Criminal Appeals has exclusive appellate jurisdiction.
The Company’s motion to dismiss the petition for writ of certiorari is denied.
CONTEMPT CONVICTIONS UNDER SEPTEMBER 2ND ORDER
Petitioners were convicted of constructive criminal contempt. Their arrest was made pursuant to the court’s order of September 2, providing, inter alia:
“FOUR: In the event any such person or persons taken into custody [for the purpose of identification] shall refuse to identify themselves or disperse from the premises, the Sheriff is ordered and directed to take such person or persons into custody for violation of this Court’s Order and hold such person for appearance before the Court . . . ”
The petitioners were arrested for refusal to disperse from the premises and were released on bond. They were not arrested under warrant but were served with a rule nisi in open court on September 7.
Petitioners contend that this order requiring the Sheriff to arrest violators of the order without the prior requirement of a verified arrest warrant or a rule nisi is violative of due process. We agree.
In Dayis Constructors the following provision of a preliminary injunction was held null and void:
“ ‘The Sheriff or any other duly authorized police officer who witnesses a violation of this order by any person shall forthwith arrest such person and bring him before me.’ ”
Holding on appeal that “a written accusation is essential to initiate an indirect contempt proceeding,” the court stated:
“[A]ccording to both the federal and state constitutions, the accused must be given notice of the nature and character of the charges, and be given an opportunity to answer.
“Is due process satisfied if alleged con-temnors are advised of the charges against them after they have been arrested? No. Alabama cases have long required that actions for indirect contempt be initiated by a rule nisi or an arrest warrant.”
We held that service of the rule nisi in open court deprived the alleged eontemnors of due process. The convictions are due to be reversed.
SEPTEMBER 8TH ORDER
Petitioners further contend that the amended order of September 8th is null and void under Davis Constructors. We cannot agree.
The September 8th order, in pertinent part, provides:
“THREE: That in the event any such person or persons fail to disperse and leave the premises or the vicinity thereof, *644 the Sheriff is directed to take such person into temporary custody for the limited purpose of identifying them as to their name and residence address for the purpose of further proceedings against such person or persons.”
Unlike the preliminary injunction of the Davis Constructors and the order of September 2nd, this order of September 8th does not require that alleged contemnors be placed under full arrest. To hold that alleged contemnors cannot be taken into a strictly limited custody for the sole purpose of identification would render such injunctions meaningless in virtually all instances of mass picketing. “Temporary custody for the limited purpose of identification . is a reasonable measure for the enforcement of court orders and is not such a deprivation of liberty as to invoke the due process protections set forth in Davis Constructors. Accordingly, the order of September 8th is affirmed.
The Company’s motion to dismiss is denied. The judgment of the trial court is affirmed in part, reversed in part, and remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Justices concur.

. Although petitioners asserted that the contempt is of a civil nature in their petition for writ of certiorari, they take a different stance in brief, contending that this case involves criminal contempt.