LEIGH M. CLARK, Retired Circuit Judge.
By the appeal herein, appellant attempts to obtain the review of a judgment holding him in contempt of court and imposing a fine of fifty dollars and ordering that he be imprisoned in the Mobile County jail for five days as additional punishment.
It appears from the record that while some case was being tried in the court from which the appeal herein was taken, information was brought to the court indicating that a witness in the case had been intimidated by appellant herein. The witness was then called and testified, out of the presence of the jury in the other case but in the presence of appellant herein and his attorney, as to what appellant had said to her. The court then “cited” appellant herein for contempt and set a hearing thereon for a later date, which resulted in the judgment and sentence from which this appeal was taken.
Appellant relies heavily upon Ex parte Tarpley, 53 Ala.App. 363, 300 So.2d 401, aff'd 293 Ala. 137, 300 So.2d 409, in which it was held that a witness who had failed to appear pursuant to an “on call” subpoena, could not be held in contempt of court in the absence of due process requirements of notice of the charge of contempt and an opportunity to be heard thereon. As such requirements were not met in Tarpley, the judgment of the trial court was reversed and a judgment rendering discharging Tarpley. It is argued by appellant that the due process requirements set forth in Tarp-ley were not met in the case now before us and that the judgment of the trial court should be reversed.
As to the mentioned due process requirements, it appears that appellant was given due notice of, and an opportunity to appear and be heard on, the charge of contempt of court, that he availed himself of that opportunity, that he did appear and was heard, in person and by counsel. The record does not contain a copy of any written charge made before the judgment appealed from, but it does not show conclusively that there was no such written charge.
The record is not sufficient, and the issues between the parties are not specific enough, for us to find that any due process rights of appellant were violated. This emphasizes, we think, the wisdom of the rule that has prevailed, with one statu *1076 tory exception,[1] that an appeal is not an appropriate remedy for an attempted review of a contempt proceeding, but that the appropriate remedy is by habeas corpus if the alleged contemnor is in confinement, or by certiorari if he is not. Ex parte Dickens, 162 Ala. 272, 50 So. 218 (1909); Worley v. Worley, 267 Ala. 71, 100 So.2d 18 (1958); Pope v. State, 229 Ala. 643, 159 So. 51 (1935); Ex parte Wetzel, 243 Ala. 130, 8 So.2d 824 (1947); Jones v. Jones, 249 Ala. 374, 31 So.2d 81 (1947); Lovelady v. Lovelady, 281 Ala. 642, 206 So.2d 886 (1968); Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969); Knight v. State, ex rel. Butler, 288 Ala. 428, 261 So.2d 750 (1972); Ex parte Caldwell, 50 Ala.App. 508, 280 So.2d 558 (1973); Stout v. Stout, Ala. Civ.App., 336 So.2d 1123 (1976); Hayes v. Hayes, Ala.Civ.App., 337 So.2d 770 (1976).
As stated by Judge Holmes in Stout v. Stout, supra:
“There are cogent reasons why the above is the law. See Graham v. City of Sheffield, 292 Ala. 682, 299 So.2d 281. Suffice it to say that one of the reasons is to prevent the appellate courts from having to speculate as to the exact nature of what has previously transpired.”
We conclude that the contempt proceedings in this ease are not reviewable by appeal and that the appeal should be dismissed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court.
APPEAL DISMISSED.
All the Judges concur.

. Code of Alabama 1975, § 12-1-11, which provides for an appeal from a judgment of contempt by an attorney or officer.