Carl Eugene Parmer was adjudged in contempt of the Mobile County Circuit Court for failure to make child support payments. He was ordered to jail at hard labor for a period of three months and given the right to purge himself of the contempt by paying $500.00 to the register. Parmer, or his father, paid the money to the register. Subsequently, he sought review of the contempt judgment via certiorari in the Court of Civil Appeals. The court dismissed his petition as being moot, because Parmer had purged himself of the contempt by paying the money.
This Court granted a writ of certiorari to the Court of Civil Appeals to review the correctness of that court's decision.
The effect of that court's decision is to require one to remain in jail in order to have appellate review of the merits of a contempt order. We do not consider this to be a good rule, nor is it consistent with prior decisions of this Court.
In Lovelady v. Lovelady, 281 Ala. 642, 206 So.2d 886 (1968), the husband was found in contempt of court for violating the provision of a divorce decree. The pertinent facts of that case are that:
 The trial court found the petitioner guilty of civil contempt and sentenced him to the Cullman County Jail for a period of sixty days, with the condition that he could purge himself of civil contempt by paying to the register the sum *Page 846 
of $82.00 plus the cost of the case. The $82.00 was the sum which the trial court determined to be due the wife. The petitioner paid the $82.00 and the costs. [Emphasis added.]
Notwithstanding the fact of payment, this Court reviewed the contempt judgment on its merits. The Court further stated:
 Contempt proceedings like those in the instant case are not reviewable by appeal. The proper method is by certiorari if the party is not in prison, or by habeas corpus if the party is in prison. Local No. 612, International Brotherhood of Teamsters v. Bowman Transportation, Inc., 276 Ala. 563, 165 So.2d 113; Wetzel v. Bessemer Bar Association, 242 Ala. 164, 5 So.2d 722.
. . . . .
 . . . There was legal evidence to support petitioner's conviction of civil contempt and we affirm that part of the decree.
The criminal contempt aspect of that case does not alter our conclusion regarding civil contempt.
Therefore, the petitioner is entitled to a review of his contempt on the merits. Accordingly, the judgment of the Court of Civil Appeals dismissing the petition for writ of certiorari is reversed and the cause is remanded so that the Court of Civil Appeals may address the merits.
REVERSED AND REMANDED.
All the Justices concur.