This is the second time the same parties have appeared before this Court to litigate the same issues. In Oyler v. Gilliland,351 So.2d 886 (Ala. 1977), B.J. Oyler appealed from a judgment permanently enjoining him from interfering with the Gillilands' use of a road over his property. The trial Court had determined in that case that the Gillilands had acquired an easement by necessity over Oyler's property. We affirmed the lower Court in that respect but reversed the judgment insofar as it held the easement to be perpetual. *Page 519 
By its very nature, an easement of necessity is extinguished once the necessity ceases. Oyler v. Gilliland, 351 So.2d at 888. It follows, therefore, that use of the easement by those entitled thereto cannot be subject to a permanent injunction against interference. We, therefore, affirmed the finding of an easement of necessity and remanded with directions to the lower Court that its decree be modified with respect to the perpetual effect of the injunction. The decree was so modified.
Apparently, on the basis of this modified decree, Oyler proceeded to reblock the road and filed a petition with the trial Court to withdraw the injunction on the basis that the "necessity" no longer existed. The Court, instead held Oyler in contempt for violating the injunction. Oyler now appeals both the injunction and the contempt order.
We note at the outset that a review of an order made in a proceeding for contempt of court is by way of an appropriate extraordinary writ and not by way of appeal. Knight v. State exrel. Butler, 288 Ala. 428, 261 So.2d 750 (1972). Consequently, the appeal from the trial Court's order of contempt is not properly before us and must be dismissed.[1]
With respect to the appeal from the injunction, the Gillilands contend that Oyler merely reiterates the same argument he made in the prior appeal, showing no new circumstances which would justify the trial Court in altering its prior finding of an easement of necessity. Appellees' easement of necessity terminated in 1966 when they purchased an adjoining parcel from which they have access to the road in question without need of traversing Appellant's land, Oyler cites "additional" evidence to support his view that the easement was extinguished by the Gililands' purchase of adjoining land, affording them a reasonably adequate way across their own property. Initially we were inclined to the view that Oyler has not shown any new circumstance since the issuance of the injunction which would terminate the easement of necessity found by the trial Court, and affirmed by this Court in the 1977 case.
While we still adhere essentially to this view, a map of the subject property, which was introduced in the second trial but which was missing from the record of the first trial, materially changes our perspective of the evidence.
The law in this case is well settled. If one has a way through his own land, he cannot impose a "way of necessity" through his neighbor's land, unless his own way is not reasonably adequate or its cost is prohibitive. SouthernRailway Co. v. Hall, 267 Ala. 143, 100 So.2d 722 (1958). See, also, 28 C.J.S., Easements, § 54 (b), at 718. Mere inconvenience or mere cost, as the basis for using another's land to get access to one's own property, falls short of meeting this test. Benedict v. Little, 288 Ala. 638,264 So.2d 491 (1972). The burden of proof, of course, is upon the one who seeks to impose a "way of necessity" irrespective of which party initiates the proceedings.
With the aid of the map, our reexamination of the entire record of both proceedings constrains us to hold that the Gillilands have not met their burden of proof as to why their acquisition of adjoining property which abuts a public road did not extinguish their "way of necessity" across Oyler's land. At most, the evidence shows that their continued use of the way across Oyler's land is more convenient and will spare them the expense of building their own road. Clearly, this does not meet the burden of proof required in these cases.
Therefore, the judgment of injunction appealed from is reversed and this cause is remanded for the entry of judgment in conformity with this decision. Likewise, in *Page 520 
light of our holding that Oyler is entitled to the relief prayed for in the instant proceeding, justice requires, and we so direct, the trial Court to expunge its order holding Oyler in contempt of court.
DISMISSED AS TO CONTEMPT ORDER; REVERSED AND REMANDED WITH INSTRUCTIONS AS TO INJUNCTION.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] Our dismissal of this aspect of the appeal, however, does not preclude the exercise of our supervisory power to review this order of contempt. This is particularly true where, as here, the conduct for which Oyler was held in contempt of court was the mere exercise of a property right which he sought to enforce below and which right we now uphold by the opinion and mandate of this Court. Therefore, we will treat the order of contempt as reviewable under the substantive appeal from the injunction.