This is a nuisance case. The plaintiffs, James Reaves, Sharon Reaves, Pearce Curtis, Vernette Curtis, John Durham, and Annie Durham, are homeowners in Talladega County. The defendants, Samuel Parker and Anna Parker, are their neighbors. The plaintiffs brought this action in the Circuit Court of Talladega County, seeking to enjoin the defendants from keeping a number of German shepherd dogs. The trial court, after hearing ore tenus evidence, found in favor of the plaintiffs and granted the injunction. We affirm.
The trial court's judgment, in pertinent part, reads as follows:
 "This cause coming before the Court on the complaint of plaintiffs for a permanent injunction or restraining order directed against the defendants' breeding, raising, housing and selling dogs on property of defendants adjacent to or close in proximity to the homes of plaintiffs and other related purposes.
 "The bill of complaint was filed on the 9th day of January, 1985, defendants' motion to dismiss was overruled and defendants answered on June 3, 1985, and the matter was set for hearing at this time. Plaintiffs, with their attorneys of record, were present in Court and defendants, with their attorneys of record were likewise present. Thereupon, the Court proceeded to take testimony and the plaintiffs, in support of the allegations contained in their bill of complaint and their application for a permanent injunction and restraining order introduced the testimony of eight witnesses, the interrogatories propounded to defendants with the answers thereto, numerous photographs of the kennels, runs, cages, fencing and facilities located on property of defendants, and maps, diagrams and other exhibits. Defendants also offered the testimony of three *Page 324 
witnesses, interrogatories and the answers thereto and several photographs.
 "After careful consideration of the testimony of all witnesses and the various exhibits received in evidence, the Court finds that the allegations of the bill of complaint have been proved and finds that:
 "1. The home of plaintiffs Pearce Curtis and Vernette Curtis is located adjacent to the property of defendants and very close to the facilities in which dogs of the defendants are housed and raised. The homes of plaintiffs Reaves and Durham are near the property of defendants. Real properties of all parties to this case are located in Talladega County, Alabama.
 "The residences in the immediate neighborhood of the property of defendants are located on lots which constitute a part of two well-developed subdivisions and the property of defendants is virtually surrounded on all sides by homes on said subdivision lots. The primary factor which distinguishes the property of defendants from that of the surrounding lots, if it is distinguishable, is the manner in which the property of defendants is described. Defendants' property is described by metes and bounds and all other lots in the neighborhood and in the subdivision are designated by lot and block number. All numbered lots in both subdivisions were subject to recorded building restrictions and protective covenants imposed on said lots. At the time defendants purchased their lots, restrictions were specifically referred to in the deed which conveyed title to defendants. Said restrictions specifically prohibited any noxious or offensive activity and also provided that no animal of any kind shall be raised, bred or kept for any commercial purposes except household pets.
 "2. The Court finds that for a period of five to seven years, defendants have used a part of their real property for the purpose of housing, breeding, raising and selling German shepherd dogs, most or many of which are trained as guard dogs, protection dogs or attack dogs. As many as 25 dogs have been on property of defendants at one time.
 "3. As a result of the presence of these dogs on defendants' property, undesirable, pervading, offensive and embarrassing odors emanate therefrom. These odors are such as to annoy and offend persons of reasonable sensibilities. These odors interfere with the rights of the plaintiffs to use and enjoy their properties.
 "4. The dogs kept on the premises of defendants bark and make other noises that are disturbing to and annoying to plaintiffs and others in the neighborhood. These noises interfere with the rights of the plaintiffs in the use and enjoyment of their homes and properties.
 "5. Plaintiffs and other residents who live close to defendants have small children. Dogs of the defendants, as described above, are, at times, beyond the confines of the kennels and pens and ramble in the neighborhood, at times under the supervision of defendants and at other times with no supervision. Plaintiffs and other witnesses testified as to their concern relative to the safety and well-being of these children and the Court finds some justification for their concern.
 "6. Plaintiffs requested that defendants alleviate the problems experienced by plaintiffs due to the presence of the dogs and no apparent favorable response to these requests was made.
 "7. The reasonable market value of properties of plaintiffs has, to some extent, been diminished by the presence of, [and the] breeding, raising and selling of the dogs of defendants.
 "Now upon consideration of the same, the Court finds that the allegations in the complaint are sustained by the evidence and that plaintiffs are entitled to a permanent injunction or restraining order as prayed for. . . ."
The defendants primarily contend that the trial court erred in finding that their property was subject to subdivision restrictions which prohibited them from keeping the dogs. (See paragraph "1." of the trial *Page 325 
court's judgment.) They argue that the trial court based its judgment upon that erroneous finding and, therefore, that the judgment must be reversed. We disagree.
In the complaint the plaintiffs alleged that the noises and odors emanating from the defendants' dogs were depriving them of the use and enjoyment of their property. They sought an injunction to abate that nuisance. The plaintiffs did not allege that the defendants were in violation of any subdivision restrictions. The trial court makes it very clear in the judgment that the plaintiffs were entitled to an injunction because they had proven the allegations contained in the complaint. It is clear to us that the trial court based its judgment upon its finding that the defendants' dogs were a nuisance; therefore, even assuming that the trial court erred in finding that the defendants' property was subject to subdivision restrictions, that error would not require a reversal of the judgment.
The trial court's findings in this case are favored with the usual presumption of correctness and we will not disturb them unless they are plainly erroneous or manifestly unjust. This presumption of correctness is strengthened by the fact that the trial court made a personal inspection of the premises.Fowler v. Fayco, Inc., 290 Ala. 237, 275 So.2d 665 (1973).
Based upon our review of the record, the trial court's findings with respect to the noises and odors emanating from the defendants' dogs, as well as those with respect to the potential threat to the children of the neighborhood, are supported by the evidence. A nuisance was established underBaldwin v. McClendon, 292 Ala. 43, 288 So.2d 761 (1974).
The defendants also contend that the plaintiffs' action was barred under the doctrine of laches; however, after reviewing the record, it appears to us that this affirmative defense was never raised in the trial court. The general rule is that a defense not raised in the trial court cannot be raised for the first time on appeal. Seier v. Peek, 456 So.2d 1079 (Ala. 1984). Therefore, we decline to consider whether the plaintiffs' action was barred under the doctrine of laches.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.