HOLMES, Judge.
This is a post-divorce case.
The wife appeals from an order of the trial court which altered the property settlement and support terms of the parties’ divorce decree and which held the wife in contempt for failure to obey the orders of the trial court.
We affirm.
It is the duty of the appellant wife to affirmatively show from the record that the errors of which she complains were, in fact, committed. Tucker v. Nichols, 431 So.2d 1263 (Ala.1983); Porter v. Porter, 477 So.2d 433 (Ala.Civ.App.1985). This the wife has not done, and due to the state of the record on appeal, this court cannot determine with certainty what happened in the court below.
Although the wife complains that the trial court had no authority to alter the divorce decree, for aught that appears, such change was made by agreement of the parties following the trial court’s in camera discussions with the parties’ counsel, which are referred to in the trial court’s order. Put another way, what occurred is not contained in the record before this court.
With regard to the wife’s contentions that she was improperly held in contempt, we point out that review of a contempt citation where the contemnor is not incarcerated is by way of certiorari, not appeal. Roe v. Roe, 487 So.2d 1372 (Ala.Civ.App.1986); Hall v. Hall, 485 So.2d 747 (Ala.Civ.App.1986).
Although this court may, and on occasion does, treat an appeal of a contempt citation as a petition for certiorari, see Roe, 487 So.2d 1372; Hall, 485 So.2d 747, we choose not to do so under the circumstances of this case. We note, moreover, that though the trial court held the wife in contempt, it did not apparently impose any sanctions on her.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.