This is an appeal from a judgment of contempt. An appeal will not lie from an order of contempt; the proper method of review is by certiorari or, if the party is in jail, by habeas corpus.Oyler v. Gilliland, 382 So.2d 517 (Ala. 1980); Parmer v.Parmer, 373 So.2d 845 (Ala. 1979); Knight v. State ex rel.Butler, 288 Ala. 428, 261 So.2d 750 (1972); Killingsworth v.Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969); Lovelady v.Lovelady, 281 Ala. 642, 206 So.2d 886 (1968); Ex parteAbercrombie, 277 Ala. 479, 172 So.2d 43 (1965); Wetzel v.Birmingham Bar Ass'n, 242 Ala. 164, 5 So.2d 722 (1942); Opinionby the Clerk No. 25, 381 So.2d 58 (Ala. 1980); Dunn v. Dunn,513 So.2d 7 (Ala.Civ.App. 1987). *Page 854 
Appellants, Samuel L. Parker and Anna Parker, request in their brief that their appeal be treated as a petition for certiorari. See, e.g., Vaughn v. Vaughn, 507 So.2d 960
(Ala.Civ.App. 1987). However, even if we were to do so, the standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the evidence. Simpson v. Harbin,447 So.2d 189 (Ala. 1984).
The Parkers were enjoined from "keeping, housing, breeding, boarding, raising, or training dogs on their property located at 606 Jay Street, Oxford, Alabama, except that defendants shall not be prohibited from keeping a reasonable number of household or yard pets." After a hearing on plaintiffs' petition for a finding of contempt, the court entered a judgment finding that the Parkers "have willfully violated the Judgment of this Court"; the court reserved the question of punishment, ordered the Parkers to pay costs and attorney fees in the sum of $887, directed the register to inspect the premises, and retained jurisdiction.
The Parkers' attack upon the judgment of contempt first disputes any factual basis for the judgment. After a review of the record, we find that facts were presented in support of the claim and the finding that the Parkers were willfully violating the injunction. For example, there was evidence that they had as many as six German shepherd dogs at a time in their house and backyard kennels, and there was evidence that they gave or sold a young dog to a man.
They next claim that the injunction was too vague to be enforceable. This Court affirmed the injunction on appeal, and no attack was then made as to vagueness. Parker v. Reaves,505 So.2d 323 (Ala. 1987). That opinion quotes the findings in the judgment granting the injunction; it is not necessary for resolution of this appeal to quote the equally detailed terms of the injunction itself. This claim of vagueness should have been made on the appeal from the injunctive order, and it cannot be made now.
Because the Parkers have filed an appeal rather than a petition for writ of certiorari, and because we see no reason to overlook that error and treat the filing as a petition for writ of certiorari, the appeal is due to be, and it is hereby, dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.