HOLMES, Judge.
This is a case requiring an interpretation of a portion of the Alabama Environmental Management Act, specifically, Ala.Code (1975), § 22-22A-5(18) (1984 Repl.Vol.).
On October 3, 1984, the Alabama Department of Environmental Management (Department) issued an administrative order which directed Teasley-Mill Waste System, Inc. (Teasley) to employ a certified operator or to cease operations. Teasley failed to comply with the Department’s order, and on February 25,1986, the Department initiated legal proceedings against Teasley.
In February 1988 the trial court issued an order which granted the Department’s *58 motion for partial summary judgment relating to the issue of liability. The trial court found that no genuine issue of material fact as to Teasley’s liability existed and that Teasley was liable for the payment of a penalty. Ala.Code (1975), § 22-22A-5(18)(b). The trial court further ordered an evidentiary hearing for the purpose of hearing evidence specifically related to the issue of penalties and the amount, if any, to be assessed.
On March 3, 1988, the attorneys representing the parties were present before the trial court for the purpose of an evidentiary hearing. However, prior to any evidence being presented, the trial court at the outset of the hearing held that the court “was not about to impose a penalty” against Teasley. The trial court then dismissed the case.
The Department appeals, and we reverse and remand.
The dispositive issue on appeal is whether the trial court erred in dismissing the case without hearing any evidence concerning a penalty.
The record in pertinent part reveals the following: Teasley operates a water system in Mathews, Alabama. In accordance with Ala.Code (1975), § 22-23-49, the Department promulgated water supply regulations to regulate public water systems. Section 3-1310 of these regulations requires that a community water system be operated by a certified operator. However, Teasley operated its community water system from 1978 to October 31,1987, without the required certified operator.
The Department notified Teasley of its violation, but to no avail. As noted above, the Department issued an administrative order to Teasley, demanding that Teasley comply with the Department’s regulation. When Teasley still did not comply, the Department, pursuant to Ala.Code (1975), § 22-22A-5(18)(b), instituted the present action.
By statute the Department has the right to bring an action against Teasley to recover a penalty for a violation of a Department regulation. Ala.Code (1975), § 22-22A-5(18)(b). Further, the criteria for assessing or recovering such a penalty are also set out by statute. Ala.Code (1975), § 22-22A-5(18)(c).
Clearly, Teasley was not in compliance with the Department’s regulations concerning certified operators, and the trial court so held that Teasley was liable. The only remaining issue to be addressed was what penalty, if any, should be assessed. The record reveals that the Department was ready to present certain evidence on this issue, but was not, in no uncertain terms, permitted to do so by the trial court.
A hearing has been defined in matters not associated with full trials as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue as to the inference flowing from the evidence. Lovelady v. Lovelady, 281 Ala. 642, 206 So.2d 886 (1968). Here, by not allowing the Department an opportunity to present evidence on the issue of penalties, the trial court effectively denied the Department a hearing as defined above. Therefore, in view of the statute providing the Department the right to bring this action, as well as the statute concerning the imposition of a penalty, we find that the trial court erred in not allowing the Department the opportunity to present any evidence.
We should not be understood, however, as determining that a penalty in this instance must be assessed against Teasley. In view of the posture of this case, however, we do not have to reach that determination at this time. Rather, we are only saying that in this instance the trial court erred when, after finding that liability did exist, it refused to hear any evidence on the issue of a penalty.
In view of the above, we reverse and remand this case to the trial court for proceedings not inconsistent with the above.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM; J., concur.