Rel:  October 10, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

## CL-2025-0217

_____

## J.C.

## v.

## State Department of Human Resources and Nancy Buckner, in her official capacity as Commissioner of the State Department of Human Resources

### Appeal from Montgomery Circuit Court
### (CV-22-901095)

PER CURIAM.

J.C. appeals from a judgment of the Montgomery Circuit Court ("the circuit court") affirming a decision of an administrative-law judge ("ALJ") denying J.C.'s request to expunge, pursuant to § 26-14-3(e), Ala. Code 1975, an "indicated" disposition made by the State Department of

Human Resources ("the State DHR") after an investigation of allegations that J.C. had committed child abuse. For the reasons discussed herein, we affirm the judgment in part, reverse the judgment in part, and remand the cause.

Background

In June 2017, the Marshall County Department of Human Resources ("the Marshall County DHR") initiated a child-abuse investigation after receiving a report from an investigator with the Albertville Police Department concerning an incident involving P.M., an 11-year-old child ("the child"), and J.C., a friend of the child's family. Although the police report is not contained in the record on appeal, the record indicates that J.C. was accused of touching the child in a sexual manner.

On August 23, 2017, the Marshall County DHR issued a letter to J.C. informing him that it had completed its investigation into the reported allegations and had found that it had "reasonable cause to believe the report is 'Indicated' (true)" for "sexual abuse/sexual molestation regarding [the child] due to a disclosure being made that you touched her in a sexual manner in her private area." An "indicated"

2

finding is made "[w]hen credible evidence and professional judgment substantiates that an alleged perpetrator is responsible for child abuse or neglect." § 26-14-8(a)(1), Ala. Code 1975. In the letter, the Marshall County DHR advised J.C. that he had a right to an administrative-record review, which would be conducted by an independent panel of employees of the State DHR who were not involved in investigating his case.

On September 8, 2017, J.C., through his then counsel, submitted a written response to the Marshall County DHR that, in pertinent part, denied what J.C. called the "untruths and unfounded accusations" set forth in the August 23, 2017, letter, requested that the "indicated" finding be overturned, and asked that his name and any report regarding the incident be excluded from the State DHR's Central Registry for Child Abuse/Neglect ("the central registry"). He also requested, in the event the "indicated" finding was not overturned, that he be afforded an administrative-record review.

Almost two years later, on May 30, 2019, the State DHR sent a letter to J.C. advising him that it had completed its administrative-record review, that his request to overturn the "indicated" finding was denied, and that the "indicated" disposition would be entered into the central

3

registry. Two years after that, on June 11, 2021, an ALJ from the administrative-hearings office of the State DHR mailed J.C. a letter advising him that a hearing in his case was scheduled for September 14, 2021. It is unclear from the record what prompted that hearing. The June 11 letter explained that, pursuant to § 26-14-7.1, Ala. Code 1975, J.C. had a right to contest the "indicated" disposition.

After several continuances, the ALJ held an evidentiary hearing in July 2022. At the hearing, a Marshall County DHR investigator testified that J.C. had been arrested and charged with a criminal offense arising out of the same allegations that the Marshall County DHR had investigated in this matter, that a grand jury had indicted J.C. on those charges, and that the district attorney's office had dismissed the charges by "involuntary motion." At the conclusion of the administrative hearing, J.C. orally moved for the expungement of the "indicated" disposition from the central registry under § 26-14-3(e), and the ALJ stated that he would take that issue under advisement.

On August 4, 2022, the ALJ issued a final decision explaining that, under Ala. Admin. Code (State DHR), r. 660-5-34-.08(3),

"[a]ny person allegedly responsible for abuse/neglect who has a preliminary 'indicated' disposition <u>and</u> is **not initially**

4

entitled to a [child-abuse/neglect] hearing must be offered an administrative record review. The record review is completed to determine if the [child-abuse/neglect] assessment contains sufficient documentation based on a preponderance of credible evidence to support the 'indicated' disposition of child abuse/neglect."

(Emphasis and bold typeface in the regulation.) The ALJ found that J.C. was not in the class of people entitled to a hearing and that he had already been afforded an administrative-record review; therefore, the ALJ said, he was dismissing the proceedings. However, the ALJ went on to find that, even if J.C. had been entitled to a hearing, the Marshall County DHR had proven by a preponderance of the evidence that J.C. had sexually abused the child and that the indicated finding was warranted.

In a separate order issued the same day, the ALJ denied J.C.'s oral motion to expunge the record. The ALJ set forth the requirements for expungement, all of which must be met before the record of the person responsible for the abuse or neglect can be expunged:

"1. the 'indicated' or 'not indicated' case is dismissed after jeopardy (jeopardy attaches after the trial begins if the trial is by judge or after the jury is selected in trials by jury) attaches or the defendant is acquitted (e.g., report does not result in a criminal conviction);

"2. the person responsible for abuse/neglect has submitted a written request to [the State] DHR requesting expungement; and

"3. the written request must include a court order or [the State] DHR must receive written verification of dismissal after jeopardy attaches or acquittal from the District Attorney."

Ala. Admin. Code (State DHR), r. 660-5-34-.09(j). The ALJ found that J.C. had failed to establish that jeopardy had attached in the criminal case, had failed to make a written request for expungement, and had failed to provide written verification from the district attorney of the dismissal of the criminal charges after had jeopardy attached or of an acquittal. Consequently, the ALJ found, J.C. was not entitled to expungement.

The ALJ further found that there was nothing in the record to demonstrate that the State DHR's Office of Child Protective Services, Family Services Division ("the OPS"), had made a decision regarding J.C.'s request for expungement, as r. 660-5-34-.09(j) requires. The ALJ determined that, "[w]ithout a request for expungement filed in compliance with procedural requirements, no action, intended action, or failure to act by [the State DHR], there is no right to a hearing." Thus, the ALJ concluded, J.C. was not entitled to an order directing the expungement of his record.

Although he had determined that J.C. was not entitled to have his record expunged on procedural grounds, the ALJ also discussed the merits of J.C.'s request. Because our disposition of this matter is not dependent on the ALJ's conclusions as to the merits of J.C.'s request, however, we need not set forth his discussion in detail.

J.C. filed a petition in the circuit court seeking a trial de novo or, in the alternative, a judicial review of the final decision of the State DHR's "indicated" disposition pursuant to § 40-22-20, Ala. Code 1975 -- a part of the Alabama Administrative Procedure Act ("the AAPA"), § 40-22-1 et seq., Ala. Code 1975 -- and a petition for the common-law writ of certiorari. The parties filed briefs in the circuit court arguing the two issues that J.C. had identified: his contentions that the ALJ had erred in failing to order the State DHR to expunge the "indicated" deposition and that a preponderance of the evidence did not support the ALJ's decision upholding the "indicated" disposition. The parties made oral arguments to the circuit court regarding both issues. On November 4, 2024, the circuit court entered a judgment affirming the "indicated" disposition and denying all other relief that J.C. had requested.

On December 2, 2024, J.C. filed a motion to alter, amend, or vacate the circuit court's judgment. The circuit court entered an order denying the postjudgment motion on February 27, 2025, and J.C. filed a notice of appeal to this court on March 26, 2025.

<u>Analysis</u>

Our first task is to determine the proper means by which J.C. could seek judicial review of the ALJ's decision upholding the State DHR's "indicated" disposition for child abuse. This court was faced with the same issue in <u>P.H. v. Alabama Department of Human Resources</u>, [Ms. CL-2024-0653, Jan. 17, 2025] ___ So. 3d ___ (Ala. Civ. App. 2025). In <u>P.H.</u>, a male whom the Jefferson County Department of Human Resources had found "indicated" for sexual abuse consisting of inappropriate sexual touching requested and received an administrative-record review. The State DHR panel conducting the review upheld the "indicated" finding. <u>Id.</u> at ___.

P.H. brought an independent civil action against the commissioner of the State DHR. To settle that action, the State DHR agreed to provide P.H. with an evidentiary hearing before an ALJ. After the hearing, the ALJ affirmed the "indicated" finding. P.H. filed a petition for judicial

review and a petition for the common-law writ of certiorari in the circuit court, which affirmed the ALJ's decision. P.H. then appealed to this court. This court observed that § 41-22-20, which, as noted earlier, is a part of the AAPA, authorizes an appeal from a final decision of a statewide administrative agency in a "contested case," which is defined as "[a] proceeding ... in which the legal rights, duties, or privileges of a party are <u>required by law</u> to be determined by an agency after an opportunity for hearing." § 41-22-3(3), Ala. Code 1975 (emphasis added).

This court observed that not everyone who challenges a finding of "indicated" is entitled to a hearing to review the propriety of that finding. Specifically, this court relied on § 26-14-7.1, Ala. Code 1975, which provides, in pertinent part, that

> "[a]ny person who comes under investigation by the Department of Human Resources for the abuse or neglect of a child or children <u>and</u> who is employed by, serves as a volunteer for, holds a license or certificate for, or is connected with any facility, agency, or home which cares for and controls any children and which is licensed, approved, or certified by the state, operated as a state facility, or any public, private, or religious facility or agency that may be exempt from licensing procedures shall be granted the following due process rights by the Department of Human Resources:
>
> "....

9

"(3) If the department's investigators conclude that child abuse/neglect is indicated, an investigative hearing may be held to confirm or reject the investigators' conclusions.

"(4) The alleged perpetrator shall be given ten departmental working days from the receipt of the notification of the investigator's conclusions to request a hearing, and such request must be in writing. ..."

(Emphasis added.) We also noted that Alabama law does not require the State DHR to provide a hearing for other persons aggrieved by a preliminary "indicated" finding and that, under the State DHR's regulations, people who do not fall into the class of people entitled to a hearing are entitled only to an administrative-record review. P.H., ___ So. 3d at ___; r. 660-5-34-.08(3) ("The record review is completed to determine if the [child-abuse/neglect] assessment contains sufficient documentation based on a preponderance of credible evidence to support the 'indicated' disposition of child abuse/neglect.").

This court determined that P.H. was not included in the class of people entitled to a hearing to challenge an "indicated" finding. Id. at ___; see § 26-14-7.1. Consequently, we held that, "although [the State] DHR [had] voluntarily provided P.H. a hearing, the hearing was not part of a 'contested case' and the final decision to affirm the 'indicated' finding

10

could not be appealed pursuant to § 41-22-20." Id. at ___. Therefore, we concluded, "P.H. could only obtain judicial review of the administrative order affirming the 'indicated' finding through the common-law petition for the writ of certiorari." Id.

In this case, nothing in the record indicates that J.C. is included in the class of people who are entitled to an investigative hearing under § 26-14-7.1 Nonetheless, for reasons not explained in the record, [the State] DHR offered J.C. a hearing. Because the hearing was not required by law, it was not part of a "contested case," and J.C. did not have a right to appeal from the ALJ's decision affirming the "indicated" disposition. We therefore conclude that the circuit court could review J.C.'s claims solely by a petition for the common-law writ of certiorari -- one of the means by which he sought review in that court.

In P.H., we explained that when the circuit court considers a petition for a common-law writ of certiorari, it looks to the record to determine whether the lower tribunal had jurisdiction and exercised its jurisdiction in accordance with due process and the law. ___ So. 3d at ___; see also G.W. v. Dale Cnty. Dep't of Hum. Res., 939 So. 2d 931, 934 n.4 (Ala. Civ. App. 2006). Further, "[q]uestions of fact or weight or sufficiency

11

of the evidence will not be reviewed on certiorari." Personnel Bd. of Jefferson Cnty. v. Bailey, 475 So. 2d 863, 868 (Ala. Civ. App. 1985).

> "'"[T]he standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the evidence." Parker v. Reaves, 531 So. 2d 853 (Ala. 1988). Thus, "if there is any legal evidence to support the decision of the lower tribunal, such is conclusive on the reviewing court." Lovelady v. Lovelady, 281 Ala. 642, 206 So. 2d 886 (1968). In other words, the only question for the reviewing court is "whether the evidence will justify the finding [of the lower tribunal] as a legitimate inference from the facts proved regardless of whether such inference would or would not have been drawn by the appellate tribunal." Alabama Electric Cooperative v. Alabama Power Co., 278 Ala. 123, 126, 176 So. 2d 483, 485 (196[4]).'
>
> "Sanders v. City of Dothan, 642 So. 2d 437, 440 (Ala. 1994). 'This court's scope of appellate review is the same as that of the circuit court.' Colbert Cnty. Bd. of Educ. v. Johnson, 652 So. 2d 274, 276 (Ala. Civ. App. 1994)."

P.H., ___ So. 3d at ___. Therefore, we will review the administrative record to determine whether the State DHR's decision to uphold the finding of "indicated" was supported by any legal evidence.

J.C. contends (1) that the circuit court erred by failing to order the State DHR to expunge from the central registry the "indicated" disposition and all records pertaining to that disposition and (2) that

there was insufficient evidence to support the circuit court's judgment upholding the "indicated" disposition.

The right to expungement of information from the central registry is limited. An "indicated" disposition may be expunged only under § 26-14-3(e). Section 26-14-3(e) provides:

> "Any provision of this section to the contrary notwithstanding, if any agency or authority investigates any report pursuant to this section and the report does not result in a conviction, the agency or authority shall expunge any record of the information or report and any data developed from the record."

(Emphasis added.) Moreover, as mentioned, to obtain the expungement of the indicated disposition, J.C. was required to submit a written request to the State DHR asking for the expungement and to include a court order or written verification from the district attorney demonstrating that the parallel criminal matter regarding the alleged abuse had been dismissed after jeopardy had attached or that the parallel criminal matter had resulted in an acquittal. See r. 660-5-34-.09(j). The applicable regulation specifies that an individual seeking expungement of records originating from a mandatory report, such as the report from the Albertville Police Department investigator that led to the Marshall County DHR's investigation, must submit the request to the OPS with identifying case

13

information and an address for the response. See r. 660-5-34-.09. The OPS must then determine whether the applicant has satisfied the regulatory requirements and issue a written response to the applicant, with a copy sent to the appropriate county department of human resources. Id.

The record here indicates that J.C. did not submit a written request to the Marshall County DHR, to the State DHR, or to the OPS requesting expungement of his record. Instead, he made an oral motion to the ALJ during a hearing to which, as discussed, he was not legally entitled. See § 26-24-7.1. An agency like the State DHR that is vested with the authority to hear and determine matters arising in the course of its duties is acting in a quasi-judicial manner, and it must have jurisdiction over the parties and the subject matter; otherwise, the proceedings before it are a nullity. See Bishop State Cmty. Coll. v. Williams, 4 So. 3d 1152, 1158-59 (Ala. Civ. App. 2008). "A 'nullity' is '[n]othing; no proceeding; an act or proceeding in a cause which the opposite party may treat as though it had not taken place, or which has absolutely no legal force or effect.' Black's Law Dictionary 1067 (6th ed. 1990)." Northstar Anesthesia of Alabama, LLC v. Noble, 215 So. 3d 1044, 1051 (Ala. 2016). Because J.C.

was not entitled to the hearing before the ALJ, that proceeding was a nullity, and the only proper action the ALJ could have taken was to dismiss the proceeding before him seeking review of the State DHR's decision.

Furthermore, no statute or regulation gives an ALJ jurisdiction to expunge a record. Although the State DHR does have a regulation that permits "any aggrieved person entitled by law to be given an opportunity for a hearing when the Department's action, intended action, or failure to act would adversely affect the individual's or family's right to assistance, benefits, or services," Ala. Admin. Code (State DHR), r. 660-1-5-.02(1), the State DHR had not yet acted, or even been asked to act, on any expungement request that would trigger a hearing before an ALJ. Thus, the ALJ did not have jurisdiction to consider the expungement issue or to enter a decision regarding that issue, even if the proceeding in which that issue had been raised was not a nullity, and the circuit court should have dismissed J.C.'s petition for the common-law writ of certiorari to that court to the extent that it sought review of the expungement issue. See Ex parte Personnel Bd. of Jefferson Cnty., 513 So. 2d 1029, 1032 (Ala. Civ. App. 1987).

<u>Conclusion</u>

Based on the foregoing, we affirm the circuit court's judgment to the extent that it affirms the ALJ's decision to dismiss J.C.'s administrative appeal. We reverse those portions of the judgment that address any other aspect of the ALJ's decisions, including the ALJ's decision on the expungement issue, and remand the cause to the circuit court for the entry of a judgment consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

All the judges concur.