This is an appeal from the denial of a motion to modify a divorce decree.
On September 3, 1981 the parties to this appeal were divorced by a decree of the Circuit Court of Mobile County. In that decree the wife was awarded custody of the parties' four minor children, and alimony and child support of $1,000 per month. The father also was ordered to maintain hospitalization insurance for the children, pay for major medical expenses incurred by the children, and to pay for their private school tuition, uniforms and books. All four children attend St. Paul's, a private school in Mobile, Alabama. The court also disposed of certain properties of the parties and ordered the husband to pay the wife's attorney fee.
Subsequently, the ex-wife filed a petition for a rule nisi, and the ex-husband filed a petition to modify the divorce decree to relieve him of paying the children's private school costs in the approximate amount of $745 per month.
On January 14, 1983, the day of the hearing, the parties entered into an agreement whereby the ex-wife agreed to relieve the ex-husband of certain obligations under the decree and, in exchange, the ex-husband agreed to deed his one-half interest in the family's homeplace to the ex-wife. The husband was required to continue making the mortgage payment on the house but at a reduced rate. The agreement was adopted by the trial court and, after a hearing on the other aspects of the petitions to modify and for the rule nisi, the trial court denied the petitions. The ex-husband appeals.
Appellant contends here that the trial court erred by refusing to eliminate that provision in the divorce decree requiring him to pay for the children's private school expenses. He says his income has declined to the point where he can no longer pay for those obligations required of him in the divorce decree, especially the private school expenses.
Alimony and child support awards can be modified only upon a showing of a material change in circumstances, and the modification of such a decree is within the sound discretion of the trial court and will not be reversed except for an abuse of that discretion. Sansom v. Sansom, 409 So.2d 430 (Ala.Civ.App. 1981). Also, the movant has the burden of proving a material change in circumstances. Jenkins v. Jenkins, 418 So.2d 137
(Ala.Civ.App. 1982).
In deciding whether to modify a child support decree, a court must consider the needs of the children and the ability of the father to satisfy those needs. Pruett v. Pruett, 333 So.2d 580
(Ala.Civ.App. 1976). The father does not argue that there has been a change in the children's need for a good education nor that the private school they attend is not providing a good education, but he is arguing that his income has declined to the point where he can no longer pay for private school education.
In support of his contention, the father says that he has suffered a nineteen percent decrease in income since the divorce decree in 1981 and an increase in expenses of twenty-five percent. He points out that he is presently being required to pay out $3,000 more a month under the decree than he receives as spendable income.
The evidence shows that the father is a plastic surgeon who has been practicing in Mobile for about nine years. His gross earnings for 1980 were about $177,000, with operating expenses of about $55,000. In 1981 his gross earnings were $122,000, with *Page 1086 
operating expenses amounting to $82,000. The 1982 gross earnings were $147,000, with operating expenses of $75,000. For 1982 the appellant said his accounts receivables amounted to about $6,000. The appellee testified that in 1980 the appellant's accounts receivables amounted to about $50,000.
The record further shows that the appellee has paid some of appellant's financial obligations and agreed to a reduction of some of appellant's other obligations under the decree.
The record further shows that appellant is paying about $700 per month for a $300,000 term life insurance policy and he testified that he had not attempted to find a cheaper rate of premium for a similar policy.
Although appellant says that he is required by the divorce decree to pay $3,000 more a month than he receives in net income, he asks only that he be relieved of the private school expenses for the children which presently amount to $745 a month.
In reviewing the trial court's decision not to modify the divorce decree by eliminating the children's private school expenses, we look to see if the court abused its discretion in making such a decision.
Considering the conflicts in the evidence and particularly the conflict relating to the appellant's accounts receivables, the reductions in the appellant's obligations under the divorce decree agreed to by appellee, the possibility that a cheaper rate of premium on appellant's term life insurance policy could be obtained, and that some of his other expenses could be reduced, we find that the trial court did not abuse its discretion in refusing to modify the divorce decree by eliminating appellant's obligation for his children's private school expenses. We believe that the trial court could have reasonably decided that appellant failed to satisfy the burden cast upon him of proving a material change in his circumstances to warrant a modification of the divorce decree.
Appellee's request for an award of attorney's fee on appeal is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.