This is a divorce modification case.
The husband sought by modification of a prior decree of divorce to terminate an award of periodic alimony to the wife. After an ore tenus hearing, the trial court refused to modify. The husband, through able counsel, appeals and we affirm.
The dispositive issue on appeal is whether the trial court so abused its discretion in failing to modify the prior decree of divorce that we must reverse. We find no such abuse of discretion as to require reversal and affirm.
We do not deem it necessary nor prudent to set out in detail the facts. Viewing the record with the attendant presumptions, the following is pertinently revealed:
The parties were divorced in 1974. The husband agreed to pay the wife $300 per month as periodic alimony. This agreement was incorporated into the divorce decree. At the time of the divorce, the husband earned approximately $20,000 per year as a jeweler. At the time of the divorce, the husband had a net worth of approximately $120,000.
The husband has remarried. His present wife earns approximately $15,000 a year, and she has approximately $120,000 in savings. The husband has been unemployed since 1976 and apparently has virtually no assets at this time. The following testimony was elicited by the trial judge from the husband at the modification hearing and, when viewed with the attendant presumptions accorded the trial court's action, is pertinent:
 "Q. (BY THE COURT:) Okay, You said you went through the State Employment Agency for a year?
"A. Yes, sir.
"Q. What year was that?
"A. I think it was 1977.
"Q. Okay, Have you been there within the past year?
"A. No.
 "Q. Is the reason that you haven't is because your present wife's income either through employment or interest has been sufficient for you and she to live upon?
"A. That's correct.
"Q. So, you have voluntarily chosen not to work?
 "A. Well, it makes it a lot easier for my wife for me to be at home, if I could, to take care of the house, the yard work and raise a garden, vegetables and what not, it makes her working a whole lot easier than it *Page 1093 
would be if both of us were working.
 "Q. In 1976, when you quit, it was your choice to quit, is that correct? I mean, you were not fired or —
"A. No, I wasn't fired."
As indicated, the trial court refused to terminate the award of periodic alimony, and the husband appeals.
At the outset, we note that the modification of alimony is within the discretion of the trial court. It will be reversed only where this court finds such an abuse of discretion as to render the judgment plainly and palpably wrong. Whitt v. Whitt,276 Ala. 685, 166 So.2d 413 (1964); Wier v. Wier, 410 So.2d 78
(Ala.Civ.App. 1982).
There are many factors to consider in awarding periodic alimony or, as in the instant case, in refusing to terminate an award. We find particularly applicable to the present case the rule of law that ability to earn, as opposed to actual earning capacity, is a proper factor to consider in determining the award of alimony or whether to terminate the award on modification. Robinson v. Robinson, 381 So.2d 637
(Ala.Civ.App.), cert. denied, 381 So.2d 641 (Ala. 1980).
In the instant case, at the time of the divorce in 1974, the husband had the ability to earn approximately $20,000 per year. He was a jeweler and had graduated from a watch repair school. Additionally, he had a separate estate of over $100,000. His life style at present is as indicated above.
In view of what we have said above, we cannot find the trial court has erred to reversal; to do so would be to substitute our judgment for that of the trial court. This Alabama law does not permit. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App. 1980).
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is awarded.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.