This is a child support and periodic alimony modification case.
Since this is the second time that these parties have been before us, we will not reiterate the prior history and facts of the first case, which were reported in Ebert v. Ebert,440 So.2d 1084 (Ala.Civ.App. 1983). Certiorari was denied in that case by the supreme court in November 1983.
Insofar as the issues in the present appeal are concerned, Dr. Ebert, the father, was under an obligation under trial court judgments to pay as alimony and child support $1,000 each month, to presently pay the monthly amount of $700 towards the monthly mortgage payments upon the home of the wife, and to pay for the private school tuition, books, and uniforms of the four minor children of the parties.
In April 1984, the mother filed her motion for a rule nisi, alleging that the father was delinquent in court ordered payments for alimony and child support. The trial court rendered judgments against the father for three items: $5,500 for his arrearage in alimony and child support, $7,875 for *Page 617 
school tuition, and $880 for the cost of used books and uniforms for the children. No issue is raised as to these matters. The father was not adjudged to be in contempt of court. The main problem arises from the father's counterclaim and from his testimony whereby he sought to reduce his periodic alimony and child support monthly payments and to eliminate the private school tuition payments. After an ore tenus trial before the circuit court, that counterclaim was denied. Two issues are raised upon this appeal, first, the denial of the modification relief which was sought by the father, and, second, the award to the wife of an attorney's fee in the amount of $150.
 I
In viewing the record in light of the attendant presumptions, the following is pertinently revealed as to the presented issues:
The parties were divorced in September 1981. The children are presently between seven and fifteen years of age. Their entire formal education has been at the same private school. One son has hyperattention deficit disorder with hyperactivity, and the private school can accord to him the help and special attention that he needs. It is important to the children that they continue their education at their present school. The mother has no indication that the needs of the children have decreased since the divorce.
The mother's monthly itemized expenses total $4,976, and her average income per month in 1984 is $1,200. All of her real estate, including her home, which was appraised at $325,000, has been listed with a real estate agent for sale, but, so far, no sale has been effected. Because of the father's failure to pay the required payments, her house mortgage is delinquent for the previous four months and in danger of foreclosure. She testified that she needed the ordered payments from the father to meet expenses.
The father claimed that his debts exceed his assets by over $102,000. His taxable income from his profession was $79,546 in 1982 and $67,537 in 1983.
He is a board certified plastic surgeon and practiced in Mobile from 1974 until April 1984, at which time he closed his Mobile office and moved to Las Vegas, Nevada, where he is reopening and reestablishing his surgical practice. He stated that he left Mobile because of a decline in his income to the extent that he was not able to meet his obligations. He felt that he had to relocate to a place, such as Las Vegas, where the economy was better than in Mobile and where the patient to plastic surgeon ratio was greater. He testified that he had no salary nor income from his profession at the time of the trial and he did not anticipate any profits therefrom until mid 1985.
When he practiced in Mobile, there were five other plastic surgeons there and only one of them had additional skills which were not possessed either by him or the other four surgeons. He is as professionally skilled as are the others. His professional abilities have not eroded and are the same as they were during the preceeding three years. None of the other five plastic surgeons have moved from Mobile.
If a material change occurs in the circumstances of the parties, a trial court may modify periodic alimony and child support awards in its discretion, and the trial court's determination in that regard will not be reversed except for an abuse of that discretion. Ebert, 440 So.2d 1084. Therein, it was stated as follows:
 "In deciding whether to modify a child support decree, a court must consider the needs of the children and the ability of the father to satisfy those needs. Pruett v. Pruett, 333 So.2d 580
(Ala.Civ.App. 1976). The father does not argue that there has been a change in the children's need for a good education nor that the private school they attend is not providing a good education, but he is arguing that his income has declined to the point where he can no longer pay for private school education." *Page 618 
Ebert, 440 So.2d at 1085. The same argument is made in the present appeal. A change in the amount of the award of child support and periodic alimony in modification cases falls within the discretion of the trial court. While there are many elements to consider in reaching that determination, one factor which has particular applicability to the present case is the rule of law that ability to earn, as opposed to actual earnings, is a proper factor to consider in deciding either an initial award of child support or periodic alimony or whether to terminate, increase, or reduce the amount of the award in modification proceedings. Prentice v. Prentice, 440 So.2d 1091
(Ala.Civ.App. 1983); Murphy v. Murphy, 440 So.2d 564
(Ala.Civ.App. 1983). An award which exceeds a husband's stated income does not automatically amount to an abuse of the trial court's discretion. Hurd v. Hurd, 397 So.2d 133 (Ala.Civ.App. 1980), cert. denied, 397 So.2d 135 (Ala. 1981).
In considering the present needs and condition of the mother and children, the father's ability to earn, the scholastic lifetime relationship of the children with their private school, the apparent high standard of living of the parties, and all of the circumstances disclosed by the evidence, the trial court did not so abuse its discretion as to require a reversal. The evidence was such that the trial court could have modified or not within its judicial discretion. While the required payments are on the high side until his practice is better established in Las Vegas, to reverse this case upon this issue at this time would be to substitute our judgment for that of the trial court. Such a judgmental substitution is not here permitted because the evidence supports the trial court, and its action in overruling the father's request for modification was not plainly and palpably wrong. Prentice, 440 So.2d 1091;Murphy, 440 So.2d 564.
 II
The father, through able counsel, further contends that, since he was not adjudged to be in contempt of court, the trial court should not have awarded any fee to the mother's counsel. No question is raised as to the amount of that granted fee of $150. Had the rule nisi matter been the only issue before the trial court, the father's contention would be correct under section 30-2-54, Ala. Code (1975). Bell v. Bell, 443 So.2d 1258,1262 (Ala.Civ.App. 1983). However, we attribute that the award of an attorney's fee in this case was granted for the defense by the mother of the father's modification counterclaim. If requested, or if an issue thereon was tried by the express or implied consent of the parties, attorney fees are ordinarily available in modification proceedings, the award and amount thereof lying within the sound discretion of the trial court.Bell, 443 So.2d 1258. In open court, a request was made by the mother's attorney for a fee, and the father's counsel stipulated that, if the trial court saw fit to render a fee, the mother's attorney was entitled to it, but he argued that a fee should not be awarded because the father should not be adjudged to be in contempt. The trial court stated that there was more involved than contempt, for the father's motion to modify was also before the court. Thus, a request for a fee was made and presented, and it was discussed in open court between counsel and the trial court. Under those circumstances, the trial court was authorized to grant a reasonable attorney's fee to the mother for defending against the modification counterclaim of the father. Bell, 443 So.2d 1258.
The judgment appealed from is affirmed with an allowance of an additional attorney's fee of $500 to be paid by the father to the mother as a reasonable fee for her counsel for representing her upon this appeal.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 619