EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a periodic alimony modification case.
The parties were divorced in 1971. The divorce decree ordered the husband, a practicing physician, to pay periodic alimony to the wife which has been set at the rate of $1,000 each month for the past few years. Admittedly, the husband had made no payments since June 1984 and his arrearage totals $19,270. The wife moved to place him in contempt for such failure to pay, and the husband sought a modification of periodic alimony. After hearing both parties testify, the trial court entered a monetary judgment for the wife for the stipulated amount of arrearage and all aspects of the 1971 original divorce decree were to remain unchanged. The husband appealed from the trial court’s failure to modify the alimony payments and his able counsel argues that the trial court erred in not granting the husband’s petition to modify.
A trial court must exercise a judicial discretion in determining whether periodic alimony should or should not be modified, and, if so, the amount thereof. A trial court’s decision thereon will not be reversed unless the trial court so abused its discretion as to make the judgment palpably wrong. Where an evidentiary hearing is conducted before the trial court, the judgment is presumed to be correct, and it will not be altered on appeal unless it was not supported by the evidence or was palpably wrong. Murphy v. Murphy, 470 So.2d 1297 (Ala.Civ.App.1985); Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App.1985). The Ebert case had some factual similarities to the present appeal.
We have examined the evidence in view of the above presumptions and the following is pertinent as to those rules of review.
The husband is in the general practice of medicine. His yearly income was around $80,000 at the time of the divorce. Four or five years ago he resigned as the physician in charge of a hospital emergency room where his salary was $60,000 per year. He had restricted his private practice in Florence while he worked in the emergency room. In 1982 he began his full private practice of three days each week and built his practice back up so that he earned about $85,000 that year, the same as he had netted prior to his position at the hospital. He now splits his medical practice between Snowmass and Basalt in Colorado and Florence, Alabama. He now practices in Florence only four months during the year.
The husband has participated in many ventures, investments, and businesses, with varying results. Some have been profitable, some lost money, and the results of some are vague and incomprehensible from the evidence. For the past three *953 or four years, he has been borrowing money and liquidating assets to keep afloat financially. Most of the doctor’s business crises were self-inflicted through bad ventures or poor investments. His financial condition has improved somewhat in the past year, but he remains heavily in debt.
In 1984 the husband agreed to purchase a townhouse in Colorado for $890,000, with a down payment of $51,000 and monthly payments of $3,800. He is presently attempting to sell that townhouse at a loss.
The doctor divorced his second wife three years ago and still owes her $18,000 upon their property settlement, which he is paying at the monthly rate of $500. He is current as to those payments.
As was previously indicated, the husband is in arrears of $19,270 for periodic alimony in this case. No payments have been made since June 1984.
The wife still owns the same property which she received under the divorce judgment, plus some additional assets which her mother has given to her. She is presently employed as a teacher and nets about $1,000 per month, with her itemized expenses totaling $2,079. Since the divorce she has restricted her expenditures to her income and has been forced to eliminate vacation trips and the “fun things, the extra things.” Inflation since 1971 has increased her expenses for necessities — for instance her monthly utility bills have increased from $35 in 1971 to $200 at the present.
After a most careful review of the evidence, we are not persuaded that the learned trial court abused its discretion. The decision was not palpably wrong. The judgment was supported by the evidence, and it is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.