This case involves a petition for rule nisi and a petition to modify.
The parties were divorced in February 1984. In the divorce decree Johnny Roe, the husband, was ordered to pay to Jean Roe, the wife, $450 per month as periodic alimony and $300 per month as child support. The husband was also ordered to keep in full force and effect a whole life insurance policy for $20,000 and a term insurance policy for $100,000. The court directed the husband to name the wife as beneficiary of these policies and to pay the premiums, designated as periodic alimony, until such time as the wife remarries.
In April 1984 the wife filed a petition for rule nisi, asking that the husband show cause why he should not be held in contempt for failing to comply with the provisions of the divorce decree. The husband filed a petition to modify the divorce decree. He alleged that there had been such a material change of circumstances as to support the reduction of child support and the reduction or elimination of the alimony and insurance obligations.
In September 1984 the court found that the husband had willfully allowed the $100,000 policy to lapse and had willfully failed to pay periodic alimony and child support. The husband was found to be in contempt of court and was ordered to be imprisoned for five days. The husband's petition to modify was denied.
In January 1985 the wife once again filed a petition for rule nisi. The husband filed a petition to modify, asking that the court modify the divorce decree by reducing the amount of periodic alimony required to be paid and eliminating the provision ordering the husband to maintain the $100,000 policy. Child support was no longer at issue since the child had attained the age of majority. *Page 1374 
The husband averred that the material change in circumstances resulted from his termination of employment from Alabama Farm Bureau Insurance Company (Farm Bureau) in March 1984. His annual income with Farm Bureau was $50,000. Farm Bureau also provided the $100,000 policy free of charge and this policy was cancelled upon his termination. The husband further contends that because he had suffered a heart attack in July 1983 he was unable to obtain a policy to replace the $100,000 policy.
The husband contends that the alimony should be reduced because he makes only $100 per week working as an insurance agent and operational manager for A.A. American Insurance Agency.
A hearing on the petition for rule nisi and petition to modify was held on September 18, 1985. The trial court denied the husband's petition to modify, based on its finding that there had not been a material change of circumstances which would justify a modification of the divorce decree.
The trial court also found the husband to be in contempt of court in that he had failed to pay alimony of $450 for July 1985 and he had failed to maintain a life insurance policy for $20,000. He was ordered to be imprisoned until he purged himself. He was also ordered to pay $750 for the wife's attorney's fees. The husband was ordered to be released after paying $450 in back alimony.
The husband appeals. Initially, we note that the husband is aware that a petition for certiorari is the proper method for reviewing a contempt order when he is not in jail. Matthews v.Matthews, 404 So.2d 692 (Ala.Civ.App. 1981). The husband requests that this court treat his appeal from the contempt citation as a petition for certiorari, Thomas v. Thomas,406 So.2d 939 (Ala.Civ.App. 1981), and also as an appeal of the denial of his petition to modify. We will comply with his request.
In his first issue the husband contends that he should not have been imprisoned for contempt because his failure to pay alimony was due to his inability to pay. The payment of the $450 in alimony does not render the point moot, and the husband is entitled to a review of the contempt order. Parmer v.Parmer, 373 So.2d 845 (Ala. 1979).
The husband argues that after he put forth evidence of his inability to comply with the divorce decree (his present income is $100 per week and the periodic alimony is $450 per month plus payment of the premiums on the $20,000 policy — the premiums were currently being paid by the policy itself), then the burden shifted to the wife to prove beyond a reasonable doubt that he was able to comply. Thomas, supra.
In a contempt case this court has a limited scope of review and must affirm the trial court if there is any legal evidence to support its finding. Citicorp Person to Person FinancialCenter, Inc. v. Sanderson, 421 So.2d 1293 (Ala.Civ.App. 1982). In the present case there was evidence that the husband had been a top insurance agent for Farm Bureau and was presently employed by A.A. American Insurance Agency, which was owned by Carol Williamson, a former co-worker at Farm Bureau. There was also evidence that even though the husband's present net salary was $100 per week plus business expenses, which include lunches and dinners, he was authorized to sign checks on Carol Williamson's business and personal checking accounts. There was also evidence that she had paid bills for him in the past. He also lives in a rentfree apartment. His personal telephone is in Ms. Williamson's apartment, and she has on occasion paid the bill. Consequently, the trial court could have reasonably concluded that husband's present earnings were greater than $100 per week. Therefore, we conclude there was evidence to support the trial court's finding that the husband's failure to pay was based upon his contumacy rather than his inability to pay. *Page 1375 
In his second issue the husband contends that the trial court erred in granting the wife an attorney's fee. He argues that, because the contempt order was erroneous, the award for an attorney's fee was also erroneous. The trial court is given the discretion to award attorneys' fees upon a finding of contempt of court. § 30-2-54, Code 1975. In the present case, we have upheld the trial court's finding of contempt and find no abuse of the trial court's discretion in awarding an attorney's fee.
Additionally, we note that had there not been an adjudication of contempt, an attorney's fee could have still been properly awarded because the wife had to defend against the husband's petition to modify. Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App. 1985).
In his final issue the husband contends that the trial court should have granted his petition to modify. He argues that there was a material change in his ability to pay and that this was sufficient to support a modification of the divorce decree.
It is within the trial court's discretion to modify the amount of periodic alimony awarded in the divorce decree. The trial court has many factors to consider when deciding whether to increase, decrease, or terminate the award entirely. One such factor is the ability to earn, rather than actual earnings. Ebert, supra. There has not necessarily been an abuse of the court's discretion just because the amount payable as periodic alimony exceeds the husband's stated income. Ebert,supra.
There was evidence in the present case that the husband had been a top agent at Farm Bureau with an annual income of $50,000. Thus, the husband was shown to have the ability to earn more than $100 per week. Moreover, there was evidence before the trial court that could have led it to believe husband was receiving more than $100 a week from his present employer. Based on this evidence, we conclude that the trial court's denial of husband's modification request was not plainly and palpably erroneous.
Wife is awarded $400 as an attorney's fee on appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.