WRIGHT, Presiding Judge.
This is a child support modification case. The issue on appeal is whether the trial court abused its discretion when it increased child support payments.
The parties were divorced by decree rendered in June 1981. The final divorce decree awarded custody of the two minor children to the mother and provided that the father was to pay $800 a month as child support. The decree further ordered the father to pay all reasonable and necessary medical expenses, and to pay the children’s private school tuition, and for uniforms and books when they reached school age.
In 1985 the father filed a motion to enforce the divorce decree, pertaining to an agreement of the parties to sell two jointly-owned properties. The wife answered and filed a cross-motion, petitioning the court for a modification of child support payments. After a hearing, the court ratified an agreement of the parties to sell by court-appointed commissioners the two jointly-owned properties and Ordered an increase in child support payments from $800 to $900 per month, until such time as the two jointly-owned properties of the parties were sold, at which time the child support would be further increased to $1,000 per month. The father filed a motion to alter, amend, or vacate the judgment as to the increase in child support, which was denied. The father appeals from that judgment.
The modification of child support, because of changed circumstances of the parties, is a matter within the sound discretion of the court. Jenkins v. Jenkins, 406 So.2d 976 (Ala.Civ.App.1981). The exercise of this discretion will only be disturbed on appeal when there is such an abuse of discretion as to make the decision plainly and palpably wrong. Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App.1985). The Court must consider the needs of the children and the ability of the father to satisfy those needs in deciding whether to modify child support. Ebert v. Ebert, 440 So.2d 1084 (Ala.Civ.App.1983).
The court found changed circumstances which would warrant modifying the decree to increase the father’s child support payments. There was evidence presented that the needs of the children have grown with the passing of five years due to their increased ages. The father acknowledged this in his testimony. The father is the sole shareholder in a Subehap-ter S corporation which engages in the home-building business. He testified that in 1984 his disposable income was less than half of his 1981 income and that when he compared his monthly personal expenses to his net income, he found a $2,000 monthly deficit. The mother presented evidence that the father’s company had retained earnings in excess of $200,000. She also presented evidence from the father’s latest income tax return, which disclosed income in excess of $100,000. The record also reveals that under the original divorce decree, the father was responsible for the payment and upkeep on the two jointly-owned properties (over $1,000 monthly). After the hearing, the court ordered that these properties were to be sold, thereby relieving the father of this obligation. Although the evidence was conflicting as to the father’s monthly expenses and income, we find that the facts of this case support the judgment of the court, that it was not palpably wrong, and that no abuse of discretion occurred.
The mother requests an award of attorney fees for this appeal. Her request is granted in the amount of $500.
The judgment of the court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.