This is a child support modification case.
The parties were divorced on March 29, 1984, with the mother being granted the custody of their son, who was born in September 1981. The father was ordered to *Page 479 
pay child support of $162 per week. In 1985 the father sought to reduce the amount of child support, and the trial court denied such relief to him in December 1985.
The present proceedings were commenced in 1986 when the mother filed a petition for a rule nisi or for a judgment for past-due child support. The father responded with a counterclaim for custody of their son or for a reduction in the amount of child support. After an ore tenus trial, a judgment was rendered, which awarded to the mother a judgment for all of the child support arrearage, and the husband's requested relief was denied. He timely appealed after his motion for a new trial was overruled. The only issue on appeal is whether the trial court abused its discretion in denying any reduction of child support because of the father's financial condition.
After viewing the record pursuant to the attendant presumptions which are accorded to the trial court's final judgment, we find that the following facts are revealed as to the issue before us.
Because of a reduction in his employer's work force, the father was discharged from his job on January 4, 1986. He had worked at that employment for over four years and earned an annual salary of $22,000. The father has received from his former employer a most favorable recommendation as to his expertise in configuration and data management. He has unsuccessfully sought other employment. Since his job was terminated, the father has paid no child support, but he is still paying upon one of the child's medical bills, and he is providing health insurance for the child. The father's present income totals about $1,700 each month, which is composed of $120 per week from unemployment compensation and $1,200 per month from a trust fund. Almost all of his eligibility for unemployment compensation has been used. He has opposed any payment of child support from his trust fund. The father still employs a part-time maid at his home.
The son was almost five years of age at the time of the trial. While the mother is employed and earns $5.75 per hour, she does not bring home an adequate amount with which to support both herself and the child. Since the father failed to make any child support payments during the previous six months, the mother borrowed $1,800 in order to make financial ends meet.
The father testified that he cannot afford to pay the child support at this time. However, his expenses were not itemized. On the other hand, the mother swore that she cannot financially make it without receiving support from the father. Likewise, her expenses for the son, or herself, were not listed.
Where an ore tenus trial was had before the trial court, there is an appellate review presumption that the trial court was factually correct, and the judgment of the trial court will not be reversed or altered unless it was so unsupported by the evidence as to be palpably wrong.Mashatt v. Mashatt, 469 So.2d 607 (Ala.Civ.App. 1984). A trial court has the judicial discretion to modify child support if a material change in the circumstances of the parties has occurred, and the trial court's decision thereon will not be reversed except for an abuse of that discretion.Roe v. Roe, 487 So.2d 1372 (Ala.Civ.App. 1986);Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App. 1985). The trial court may consider many factors in modification proceedings, including the ability to earn as distinguished from actual earnings. Roe, 487 So.2d 1372;Ebert, 469 So.2d 615.
Here, the father's former employer was very complimentary of his job competence. His ability to earn still exists. He presently receives a total income of around $1,700 per month. His expenses were not itemized. The father's child support payments are needed by the mother. He has resisted the payment of any child support from his trust fund. We conclude that the trial court's denial of the husband's modification request was not palpably wrong. That holding by the trial court did not constitute an abuse of discretion. The final judgment of the trial court is affirmed. *Page 480 
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.