HOLMES, Judge.
This is a case involving post-divorce proceedings.
For the years 1985 and 1986, the father refused to pay the expenses of sending his minor child to camp. The mother paid all the expenses for the years in question and then filed a contempt proceeding against the father, contending that pursuant to the divorce decree he was required to pay such expenses.
After an ore terms hearing the trial court concluded that the father was responsible for one-half of the minor child’s camp expenses for 1985 and 1986. The father was also ordered to pay one-half of the camp expenses for all subsequent years.
The father, through able counsel, appeals and we affirm.
We note that the proper way to review the court’s action in a contempt proceeding is by certiorari. Although this case has come to us by appeal, we can and do choose to treat the father’s appeal as a petition for certiorari. Murphy v. Murphy, 395 So.2d 1047 (Ala.Civ.App.1981).
The dispositive issue is whether there is any legal evidence to support the trial court’s findings.
The father argued that he had not “concurred” in sending the child to camp and, therefore, was not liable under the divorce decree for any expenses.
The record reveals that the mother and father were divorced in 1982 and that a detailed agreement was incorporated into the divorce decree. One portion of this agreement concerned the support of the parties’ retarded, minor child. This provision in pertinent part is as follows:
“[Father] will pay all medical, hospital and dental expenses for [the minor child]....
“... [Father] will also pay for any private schooling, tutoring or lessons for [the minor child], provided that [father] concurs that the expenditure should be made. [Father] will also pay for any camps that [the minor child] attend[s], provided that [father] concurs that the camps should be attended.”
The testimony at the hearing was that the minor child attends a camp each year. The mother testified that these are special camps for the physically and mentally handicapped. She stated that the child has made much progress by attending these camps and was doing “beautifully.” She testified that he learned a great deal in terms of self-help skills and vocational work and was learning things that would one day help the child to possibly become “mainstreamed.” Both the mother and father testified that this camp was deductible as a medical expense.
The father testified that it was “fine” with him that the child go to camp during 1985 and 1986, but that due to other obligations he could not pay for the camp. There was also testimony that the father *636 attended a parents’ weekend at the camp to see first-hand how the child was progressing.
In the instant case this court has a limited scope of review and must affirm the trial court if there is any legal evidence to support its findings. Roe v. Roe, 487 So.2d 1372 (Ala.Civ.App.1986).
In the present case the evidence could well support a finding that the camp expenses could be deemed a medical expense. Both parties testified that the camp expense was a deductible medical expense. The testimony was that the camp was a “summer program” specifically for handicapped children and also offered self-help skills and vocational work for the minor child.
In view of the fact that the camp expense could have been considered a medical expense, we cannot say that the trial court erred in ordering the father to pay any of this expense. The divorce decree specifically states that the father shall pay all medical expenses of the minor son.
The husband argues, however, that the trial court modified the divorce decree. As concerns the amount of the expense for which the father is responsible, it appears that the trial court did in effect modify the original decree. Instead of being responsible for the total expense, he is now only responsible for one-half. We have continuously held that any modification would not be reversed absent an abuse of discretion. Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App. 1985). We fail to see how the father can complain that the trial court abused its discretion when the change is in the father’s behalf. Moreover, if the trial court did commit any error by modifying the father’s obligation, it would appear to this court that, in this instance, it is the mother who should have appealed. We have held that when an error applies only to a party who does not appeal, another party cannot make any such error an issue on appeal. Rush v. Heflin, 411 So.2d 1295 (Ala.Civ. App.1982).
We would further note that the trial court could have found that the father actually “concurred” in sending his child to camp for 1985 and 1986. Under this rationale, however, we fail to see how the court could order future payments in view of the clause requiring the father to “concur.” Nevertheless, in that the camp expense could be deemed a medical expense, we need not decide this issue.
The wife’s request for attorney fees for representation on appeal is denied.
In view of the above, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.