This is a consolidation of a modification appeal and a petition for writ of certiorari to review a contempt citation.
Appellant-petitioner (husband) and appellee-respondent (wife) were divorced on February 20, 1986. The divorce decree incorporated a written agreement entered into by the parties. On October 2, 1986 the husband petitioned the Circuit Court of Franklin County for a modification of the decree. An ore tenus hearing was conducted on November 12, 1986 and the court issued its order on November 17, 1986 denying the petition to modify. Husband filed a motion to alter, amend, or vacate and a motion for a new trial. These motions were overruled on January 13, 1987. Husband appeals, contending the trial court abused its discretion in failing to modify the decree based on changed circumstances. Later, the wife filed a petition to hold the husband in contempt for failure to pay the amounts due under the divorce decree. Hearings were held on December 30, 1986 and January 2, 1987. The court issued its order holding the husband in contempt on January 15, 1987. The posttrial motions were overruled. The husband then filed a petition for writ of certiorari in this court on May 15, 1987. A motion for consolidation of the appeal and the writ of certiorari was filed on September 15, 1987 and granted on September 16, 1987.
The pertinent facts are that on February 20, 1986 husband and wife were divorced and an agreement was incorporated into the divorce decree. The agreement provided that the husband would pay alimony and child support of $375 per week; he would pay the present and future college expenses for the two children of the marriage, one of whom was attending college at the time of the decree; he would pay the fees and tuition for the wife's college expenses; he would pay the outstanding debts of the marriage; he would purchase a woodburning fireplace for the wife's house; he would pay the hospital and medical insurance on the wife until completion of college or for five years; he would pay the health insurance and dental bills of the children until completion of college; he would pay for any eyeglasses needed by the younger child; and also he would be responsible for a tax debt of $187,000.
At the time of the decree, the older child was in college and the younger child was a senior in high school. The husband was the general manager of a mobile home manufacturing company. His take-home pay was $620 per week. In June his take-home pay increased to $1,080 per week. His employment was terminated in August when the company went out of business. Husband has not signed up for unemployment compensation, nor has he any reason to believe he would not be eligible. His testimony indicated that he and his father are attempting to start a siding business. However, he also testified that their business involved buying and selling things. The record is not clear, nor is the husband's testimony clear, as to the exact nature of the business. Husband claims he receives no income from this joint venture with his father.
Husband has remarried and depends upon his present wife for his living expenses. He also testified that he had failed to comply with the provisions of the divorce decree except for the payment of the weekly alimony and child support payments between February and September and the college expenses of the son and ex-wife. The insurance on the wife and children has *Page 158 
not been maintained, the debts have not been paid, and the fireplace has not been purchased. A bankruptcy proceeding is pending in which the wife was made a party. The wife testified that she agreed to become a party upon the recommendation of the husband and his attorney. They told her that she could lose the house if she did not become a party to the proceedings. She has since attended the hearings on the pending bankruptcy but testimony showed that the husband has not attended. The tax debt of $187,000 has not been paid.
The husband was vague as to the type of business he is engaged in and there was testimony that he had been seen driving a truck for a salvage company. However, the record reveals that the salvage company does not have a record of husband's employment there. There was also testimony regarding corporate stock held by the husband, but no testimony was given at the modification hearing regarding its actual worth. The husband testified that he thought the stock was worthless.
The wife works two jobs and attends college at night. She is trying to maintain the household for her daughter and herself and also give financial help to the son in college. She testified that she earns $160 per week.
The first issue we will address is the trial court's denial of the petition for modification.
It is a well-settled principle of law in this state that modifications of child support and periodic alimony are within the sound discretion of the trial court. Roe v. Roe,487 So.2d 1372 (Ala.Civ.App. 1986). The court may grant a modification upon a showing of changed circumstances. Ebert v. Ebert,469 So.2d 615 (Ala.Civ.App. 1985).
 "While there are many elements to consider in reaching that determination, one factor which has particular applicability to the present case is the rule of law that ability to earn, as opposed to actual earnings, is a proper factor to consider in deciding either an initial award of child support or periodic alimony or whether to terminate, increase, or reduce the amount of the award in modification proceedings."
Ebert, supra (citations omitted). In an ore tenus hearing we must afford the trial court the presumption of correctness and will not disturb its judgment except upon a showing that it was plainly and palpably erroneous. Tidwell v. Tidwell,505 So.2d 1236 (Ala.Civ.App. 1987). Upon review by this court we must affirm the judgment of the lower court if under any reasonable aspect the judgment is supported by credible evidence. Tidwell,supra. It is well settled that ability to earn is a proper factor to be considered in modification cases. Ebert, supra. It should be noted further that:
 "While a party's lack of actual earnings or his having filed for bankruptcy are factors to consider in determining whether to modify a child support award, the existence of either or both of these does not ipso facto mandate a modification."
Murphy, v. Murphy, 491 So.2d 978 (Ala.Civ.App. 1986) (citations omitted).
Although husband claims he has no current income, the court could have concluded that his unemployment or lack of income was by choice rather than necessity and that he has an ability to earn some compensation. Moreover, the husband could have applied for unemployment compensation if he were not employed.Murphy, supra.
After a careful review of the record, we cannot say that the judgment is not supported by credible evidence or that the court has abused its discretion in failing to modify the decree based on changed circumstances.
Husband's second issue questions his contempt conviction. He contends that he should not have been held in contempt because he was unable to pay the amounts due under the decree.
 "The inherent power of courts to enforce decrees through contempt proceedings is essential to the due administration of justice. It ought never be resorted to, however, except when founded on the unwillingness of the party to obey, *Page 159 
since it is only the contempt, the disobedience, upon which the power rests. Robertson v. State, [20 Ala. App. 514, 104 So. 561 (1924)]. If at the contempt hearing it is shown that the failure to pay the decreed alimony installments is not from mere contumacy, but from want of means, then there is no contempt. . . .
 "The scope of review in contempt cases is limited to questions of law and does not extend to the weight and sufficiency of the evidence but only to the question whether any evidence supports the trial court's decree. Wilson v. Freeman, [376 So.2d 1096 (Ala.Civ.App.), cert. denied, 376 So.2d 1099 (Ala. 1979)]; Brady v. Brady, 358 So.2d 744 (Ala.Civ App.), cert. denied, 358 So.2d 748 (Ala. 1978); Hardy v. Hardy, 46 Ala. App. 249, 240 So.2d 598 (1970). When the accused, however, puts forth evidence of his inability to pay, the burden of proof is on the complainant to prove he can pay beyond a reasonable doubt. Sewell v. Butler, 375 So.2d 800 (Ala.Civ.App. 1979); Ex parte Gunnels, 25 Ala. App. 577, 151 So. 605
(1933)."
Thomas v. Thomas, 406 So.2d 939 (Ala.Civ.App. 1981).
The husband did produce evidence of his inability to pay the amount owed, but there was evidence that the husband held 8,000 shares of stock in Alabama Management Corporation. Such an asset could have been used to reduce or eliminate the arrearage. Therefore, there was evidence before the court that the husband had the ability to pay the arrearage.
We conclude, therefore, that the trial court was not in error in failing to modify the divorce decree, nor in finding the husband in contempt for failure to pay the amount owed under the divorce decree.
The judgments of the trial court are affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.