EDWARD N. SCRUGGS, Retired Circuit Judge.
On August 15, 1986, Mr. Shelton (father) was adjudged to be the father of the child of Mrs. Irelan (mother), and he was ordered to pay $125 per month to her for the child’s support. The mother petitioned for an increase in the support payments, and, after an ore tenus trial in February 1988, the trial court adjudged that there had been a material change in the circumstances of the parties since the entry of the 1986 support order. Based upon the child support guidelines as are set forth in Rule 32 of the Alabama Rules of Judicial Administration, it was ordered that the child support payments to be paid by the father be increased to $294 per month.
The father timely appealed after his motion to alter, modify, or amend the 1988 judgment was overruled. He contends that the mother failed to prove that a material change in the circumstances had occurred since the 1986 original support judgment and that the trial court abused its discretion in modifying the amount of child support.
The following testimony is the evidence which tends to support the decision of the trial court.
The mother originally agreed to pay for the child’s medical insurance, which cost her about $20 per week in August 1986. However, the mother testified that, at the time that she initially agreed to pay it, she was in the process of changing jobs and that her new employer would pay for such insurance. About two weeks after she agreed to provide the insurance, she moved and started working at the new job, but she found that she could not make it financially. Consequently, she moved back and obtained different employment where she now pays over $30 per week for medical insurance for the child.
In August 1986 the maternal grandmother kept the child at a cost to the mother of approximately $20 each week. That grandmother died, and it now costs the mother around $48 weekly for the child’s day care.
*1239 In August 1986 the mother earned $6.50 per hour for her work. She now receives $8.00 per hour. The mother works 48 hours most weeks in order to pay her bills.
The father draws monthly disability of $800 and, additionally, earns $5.75 each hour. He works 32 hours per week. In 1986 he was paid $5.50 per hour. He bought a house and five acres of land for $16,500 two weeks before the latest trial, his monthly mortgage payments thereon being $300.
The prescribed child support guideline form was used in the trial court. The basic monthly child support obligation was figured in the trial court to be $459, to which was added $150 for work-related costs, giving a total of $609. The mother’s child support obligation was computed to be $314.24, and the father’s was determined to be $294.14. Under certain aspects of her testimony, the mother’s expenses for the child’s medical insurance and for day care increased a total of $163.40 since August 15,1986. When the $163.40 is added to the original $125 child support obligation, the total is $288.40. The trial court’s 1988 order was that the father pay $294 per month as child support.
The ore tenus rule applies. Accordingly, it is presumed on appeal that the trial court was factually correct, and the judgment will not be reversed unless it was so unsupported by the evidence as to be palpably wrong. Further, a trial court has the discretion to modify child support if a material change in the circumstances has occurred, and’ a trial court’s decision thereon will not be altered on appeal except for an abuse of that discretion. Spragins v. Spragins, 501 So.2d 478 (Ala.Civ.App.1987).
We have carefully reviewed the record and cannot say that a material change in the circumstances did not happen. Neither can we hold that the trial court abused its discretion in this case. Therefore, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.