ROBERTSON, Judge.
This is a petition for writ of certiorari to review a finding of contempt of court involving a post divorce proceeding.
Gary Mack Dillard and Linda C. Dillard (mother) were divorced March 2, 1987, by the Circuit Court of Houston County. The decree included awarding custody of the parties’ minor child to the mother and a provision for support/debt obligations of Mr. Dillard. Specifically, he was ordered to pay the mother $200 per month child support, $300 for her attorney’s fee, and medical bills owed by the parties in connection with childbirth to several different doctors and medical facilities.
On April 15, 1988, the mother filed a complaint alleging that Mr. Dillard had willfully failed to obey the divorce decree regarding the payment of certain financial obligations, and requesting that he appear and show cause why he should not be punished for contempt.
Mr. Dillard responded that he was unable to meet the support payments due to insufficient income. After an ore tenus proceeding held August 1, 1988, the trial court found him in contempt and specified conditions by which he could purge himself of contempt to avoid incarceration in the Houston County Jail.
After a post-trial motion for reconsideration, rehearing, or modification, was denied, Mr. Dillard (petitioner) filed this petition for writ of certiorari.
The dispositive issue is whether the trial court abused its discretion by finding the petitioner in contempt for failure to comply with the terms of the divorce decree.
At the outset we note that our review is limited and this court must affirm the trial court if any legal evidence supports the trial court’s finding. Roe v. Roe, 487 So.2d 1372 (Ala.Civ.App.1986).
Trial courts have the authority to punish for contempt in the interest of protecting their dignity and demanding obedience to their orders. Klingler v. White, 465 So.2d 405 (Ala.Civ.App.1984).
Petitioner contends that he is a farmer with a low income and lacks the means to pay the obligations; therefore, he says, he cannot properly be held in contempt. He cites Davis v. Davis, 518 So.2d 156 (Ala.Civ.App.1987), to support his position that contempt cannot be found if failure to pay obligations is due to lack of means rather than contumacy. However, there was evidence before the trial court that petitioner had the ability to pay. The *978 record reflects that he chose to spend his income on other things such as his race car and social life, and that he pays large mortgage payments on property that is in his father’s name.
The petitioner testified that he regularly got money from a farm loan account to pay personal living expenses such as truck payments, groceries, utilities, etc. He further testified that never once had he attempted to make arrangements for a pay off schedule with any of the doctors or medical facilities for expenses he was ordered by the court to pay approximately two years ago.
The record is replete with evidence that petitioner has the means to pay the obligations ordered in the original divorce decree and simply chooses not to do so. In reviewing the record, we find that the trial court had sufficient evidence before it to support a finding of contempt, and that such finding was within the sound discretion of the trial court.
In view of the foregoing, the petition for writ of certiorari is due to be denied.
The mother’s request for attorney’s fee is granted in the amount of $300.
WRIT DENIED.
INGRAM, P.J., and RUSSELL, J., concur.