ROBERTSON, Judge.
This is an alimony and child support modification case.
Hullette Haney and Hazel Haney were divorced in 1986. Pursuant to the court’s decree, adopting the agreement of the parties, the husband, Hullette Haney, was to pay the wife $130 per week, which represented both alimony for the wife and child support for the parties’ minor daughter and adult son. The amount of the husband’s obligation was to decrease $20 per week, when the parties’ adult son moved out of the wife’s house. Likewise, the obligation was to decrease another $20 per week when the minor daughter reached majority.
The wife, Hazel Haney, later assigned and transferred her right to collect child support to the Department of Human Resources (DHR). As a result, DHR moved to intervene in the parties’ divorce action and simultaneously petitioned for past due child support, for reimbursement of child support and/or medical benefits previously paid by the state, and for future support.
In response, the husband alleged a decrease in income and requested a reduction of his child support and alimony obligation. The parties then entered a temporary agreement, approved by the court, reducing support payments to $250 per month, with $90 per month representing child support. Further, the parties also agreed to review the matter at a later date.
Following an ore tenus proceeding on January 17, 1990, the trial court found, *1232 among other things, that the husband had “no income” and was “totally disabled.” Further, the court ordered that the husband would pay $1 per month in child support and $1 per month in alimony until further order of the court. DHR then moved for a new trial, which the trial court denied.
DHR appeals, asserting that the trial court abused its discretion when it ordered the husband to pay only $1 per month in child support and $1 per month in alimony.
We recognize that “[i]f a material change occurs in the circumstances of the parties, a trial court may modify periodic alimony and child support awards in its discretion, and the trial court’s determination in that regard will not be reversed except for an abuse of that discretion.” Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App.1985). Further, when the evidence is presented ore tenus, the trial court’s decision is presumed correct on appeal and will not be reversed unless it is unsupported by the evidence or is plainly and palpably wrong. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986).
Although there are many factors for the trial court’s consideration in alimony and child support modification cases, “ability to earn, as opposed to actual earnings, is a proper factor to consider in deciding ... whether to terminate, increase, or reduce the amount of the award in modification proceedings.” Ebert; Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App.1983).
We have carefully reviewed the record in this case and note that although the husband currently has no income, we cannot find that he has an inability to earn. The record reveals that the husband had a serious motorcycle accident in June 1986. Then, in October 1986, he obtained a job as an inspector of machine parts. However, he worked at this job for only five weeks, at which time he left the job. The husband testified that due to severe leg injuries suffered in his motorcycle accident, he could not keep the job.
The husband then began to do subcontract work for various machine shops. After engaging in that kind of work for a short period of time, he went to work as a shop foreman at a machine shop. Once again, the husband testified, he quit the job because he could not stay on his feet. This cycle of employment and unemployment has repeated itself several times.
Although this evidence would support a finding that the husband cannot maintain employment if he is required to stand on his feet, the record does not support a finding that he has no ability to earn whatsoever. Nothing indicates that he cannot perform some sort of sedentary work.
Simply put, we find that the evidence indicates that the husband has no income, not an inability to earn. As we previously stated, it is ability to earn, not actual income, which is considered in a modification proceeding. Ebert.
Children have a fundamental right to support from their parents until they attain the age of majority. Ex Parte University of South Alabama, 541 So.2d 535 (Ala.1989). Likewise, basic morality and the laws of this state bind a father to contribute to the support of his minor children. Pace v. Glover, 550 So.2d 1039 (Ala.Civ.App.1989).
In view of this obligation and the failure of the father to demonstrate an inability to earn, we reverse and remand with directions that the trial court determine a proper amount of child support and alimony.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.