RUSSELL, Judge
(dissenting in part, specially concurring in part, and concurring in part).

Dissenting:

My dissent concerns the aspect of post-majority support for the son and attorney’s fees. I would find that, based on the record, Bayliss, 550 So.2d 986, has no application here; that the evidence of special arrangements made for the son to succeed in college classes does not show that the son falls into the Brewington dependent exception. Brewington, 445 So.2d 294. I would find authority for the continuing support to be the agreements of the parties incorporated into the court’s decrees and would affirm the trial court as to that aspect at this time. However, under these circumstances I have substantial reservations about supporting the idea of court-mandated support of the son by the father past a reasonable and limited time in the future.
In view of the above, I feel a remand for more testimony unnecessary, if not improper, here.
I concur with the majority finding that the trial court abused its discretion in awarding additional child support. I would reverse and remand with instructions to reduce the support payments to the previously awarded $400, based on the failure of the mother to meet the burden of proving a change in circumstances since the last court decree. Brannon, 477 So.2d 445.
Accordingly, since the trial court made no apportionment of the attorney’s fee between the contempt and the modification, I would instruct the court to reduce the attorney’s fee at the trial level to $1500.

Concurring specially:

My special concurrence concerns the finding of contempt of the father. The record indicates to me that the mother may be partially to blame for the son’s uncoop *1178 erative attitude and otherwise poor relationship with his father, a factor which could have undermined the successful execution of the new arrangement permitted by the trial court in its 1988 decree and frustrated the father. Such an arrangement appears to have warranted and deserved complete cooperation between parents. Standing on a fine line bordering on dissent, I recognize that it is not our function to reweigh the evidence, but merely to determine if there is any legal evidence to support the trial court’s finding. Therefore, I must concur with the majority that the trial court had sufficient evidence before it to support a finding of contempt and that such a finding was within the sound discretion of the trial court. Roe, 487 So.2d 1372.

Concurring:

In all other aspects I concur with the majority opinion.